**Martha J. MORRIS, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 80–1332.

United States Court of Appeals, Tenth Circuit.

Oct. 28, 1981.

William J. Arland, III, of David A. Grammer, Jr., P.A., Albuquerque, N.M., for plaintiff-appellant.

Alice Daniel, Asst. Atty. Gen., Washington, D. C., Ronald F. Ross, Asst. U. S. Atty., Randolph W. Gaines, Chief of Litigation, Albuquerque, N.M., Stanley Ericsson, Atty., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

---

Before BARRETT and LOGAN, Circuit Judges, and KUNZIG, Judge *.

LOGAN, Circuit Judge.

Martha J. Morris appeals an order upholding the decision of the Secretary of Health, Education and Welfare (now Health and Human Services) requiring her to repay excess social security benefits she received during 1974 and 1975. The only issue we consider on appeal is whether there is substantial evidence to support the Secretary's decision that requiring repayment of excess benefits is not against equity and good conscience.

Based upon her deceased husband's account, Morris received insurance benefits as a qualifying mother [1] for many years after her husband's death in 1963. During 1974 and 1975 she worked as a secretary; because of the amount of her wages in those years, she was no longer entitled to the insurance benefits. But the Social Security Administration (SSA) continued to pay the benefits because, according to the SSA, Morris did not timely report her earnings. Morris contends that whenever the status of her dependents changed, she asked SSA employees at the Albuquerque office whether she was still receiving the proper sums. In each instance they informed her that the payments were accurate. As a result, she believed she was not being overpaid, accepted the payments, and used them on her children's behalf.

After a hearing, the SSA found that Morris was not "without fault" within the meaning of 42 U.S.C. § 404(b) [2] and ordered repayment of the excess benefits. She then appealed to the district court, which ordered a remand. After the second hearing the SSA ruled that she *was* without fault, but ordered Morris to repay the excess benefits anyway since repayment would not defeat the purposes of the Social Security Act or be against equity and good conscience. On a second appeal, the district court affirmed the Secretary's findings and decision. Thereafter Morris appealed to this Court. [3]

In support of the judgment, the government argues that the district court erred in initially remanding the case. The government contends that because Morris failed to timely report her earnings, accepted payments she knew or should have known were incorrect, and supplied an erroneous account number on her 1974 earnings report, Morris was at fault. We do not address this contention. We hold that even assuming Morris was without fault, substantial evidence supports the findings of the SSA and the district court that repayment is not against equity and good conscience within the meaning of section 404(b).

The Social Security Act does not define the circumstances in which the Secretary should excuse repayment of excess benefits on grounds of equity and good conscience. In the regulations, however, the Secretary has determined that repayment is against equity and good conscience if the individual accepted overpayment in "reliance upon erroneous information from an official source within the Social Security Administration ... with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto." *See* 20 C.F.R. § 404.512(a); 20 C.F.R. § 404.-510(b).

---

* Honorable Robert L. Kunzig, Judge, United States Court of Claims, Washington, D. C., sitting by designation.

1. The mother of an insured's child, if unmarried, if not entitled to a widow's insurance benefit or to an old-age insurance benefit above a specified level, and if meeting certain other requirements, shall receive a mother's insurance benefit equal to three-fourths of the primary insurance amount of the deceased individual. 42 U.S.C. § 402(g).

2. The Secretary may require any person to repay excess benefits except "there shall be no adjustment of payments to or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience." 42 U.S.C. § 404(b).

3. On appeal Morris does not contest the Secretary's finding that repayment would not defeat the purposes of the Social Security Act.

Morris contends that she relied upon erroneous advice of the SSA. However, the record indicates that local SSA officials assured her merely that the status changes of her children did not require any reduction in benefits. She did not tell them about her earnings and their advice did not address the effect those earnings would have upon her benefits. In the context of Morris's inquiries regarding her children's status changes, the officials' statements that everything was all right and that the records as to her benefits were correct were not erroneous interpretations of the Social Security Act or regulations. We hold that substantial evidence supports the district court's judgment.

AFFIRMED.