Harold CHAPMAN, Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Appellee.

No. 86–1420.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 6, 1986.

Decided Nov. 19, 1986.

Harold Chapman, pro se.

Paul C. Lillios, Asst. U.S. Atty., Cedar
Rapids, Iowa, for appellee.

Before HEANEY, WOLLMAN, and
MAGILL, Circuit Judges.

PER CURIAM.

Harold Chapman appeals pro se from the
district court's [1] summary judgment affirm-
ing the decision of the Secretary of Health
and Human Services requiring Chapman to
repay $1,668.50 in overpayments of Child's
Insurance Benefits for 1979 and 1980. For
reversal, he argues that the district court
erred in upholding the Secretary's decision
that Chapman was at fault in accepting the
overpayments. Chapman contends that he
could not have been at fault, because he
was unaware of the payments, although he
signed reports to the Social Security Ad-
ministration (SSA) relating to his eligibility
for them. We affirm on the basis of the
district court's opinion. *See* 8th Cir.R. 14.

I. BACKGROUND.

From 1971 until 1980, when he graduated
from high school, Chapman received bene-
fits payments based on his father's disabili-
ty. However, his father was the one who
completed the various forms and reports
over the years, and actually received the
benefits checks.

In May 1979, Chapman signed a form
submitted to the SSA which indicated that
he was then a full-time student; that he did
not expect his earnings from his part-time
job to exceed the maximum amount an
individual could earn in 1979 and still re-
ceive benefits; and that he agreed to file
an annual report of earnings when required
(as explained on an attached information
sheet), and promptly return any check to
which he was not entitled. Just above

1. The Honorable Donald E. O'Brien, Chief
Judge, United States District Court for the

Northern District of Iowa.

Chapman's signature was a printed statement warning that false statements or representations could constitute a federal crime, and certifying "that all the information I have given on this document is true * * * [and] I have read the information sheet referred to [above]."

In July 1980, Chapman signed a second SSA form. This form indicated that his earnings for January through May 1980 did not exceed the maximum amount an individual could earn in 1980 and still receive benefits. An attached information sheet explained that beneficiaries were required to report earnings in excess of the maximum amount to the SSA. Again, a warning about making false statements was printed just above the space for Chapman's signature.

Chapman's payroll records for 1979 and 1980 indicate that, despite his certification to the contrary in the SSA reports, he earned in excess of the maximum allowable amounts every month. Chapman nevertheless did not report his earnings from 1979 and 1980 to the SSA. In 1982 the SSA learned that Chapman had earned more than the maximum allowable amounts in 1979 and 1980. The SSA subsequently notified Chapman that he had been overpaid a total of $1,668.50 for the years in question, and would have to repay that amount.

In April 1983, Chapman requested a waiver of recovery of overpayment. His request was denied initially and on reconsideration. In September 1984, a hearing was held before an Administrative Law Judge (ALJ). The ALJ held that Chapman was overpaid benefits, he was at fault in receiving and accepting the overpayments, and the recovery of overpayment therefore should not be waived. The Appeals Council denied Chapman's request for review, making the ALJ's decision the final decision of the Secretary. The district court affirmed, concluding that substantial evidence supported the Secretary's decision. This appeal followed.

## II. DISCUSSION.

42 U.S.C. § 404(b) provides that the SSA may not recover for overpayment of bene-

fits "to any individual who is without fault * * * and where adjustment or recovery would defeat this title or be against equity and good conscience." *See also* 20 C.F.R. § 404.506 (applicable regulation); *Peterson v. United States Railroad Retirement Board*, 780 F.2d 1361, 1363 (8th Cir.1985) (applying § 404(b) in context of Railroad Retirement Act). An overpaid individual is "at fault" for purposes of liability for repayment if the overpayment resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

We will not reverse the ALJ's finding that Chapman was "at fault" in receiving and accepting the overpayments if it is supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (factual findings of the Secretary shall be conclusive if supported by substantial evidence); *Howard v. Secretary of Health and Human Services*, 741 F.2d 4, 8 (2d Cir.1984) (Secretary's conclusion that claimant was not without fault is a factual determination reviewed under the substantial evidence standard).

In the present case, the ALJ determined that Chapman failed to furnish information about his excess earnings which he should have known he was required to report to the SSA. According to the ALJ, the forms Chapman signed in May 1979 and July 1980 should have put him on notice about his income reporting responsibilities. Short of fraud or force, the ALJ noted, individuals are responsible for the documents they sign. Chapman was therefore responsible for information contained in the reports even if he did not read or complete them.

The district court agreed, noting that nothing in the record indicated that Chap-

man was unable to read or understand the reporting requirements. The court pointed out that "[f]or the ALJ to have held otherwise would undermine the integrity of the Social Security program by permitting beneficiaries to ignore reporting requirements by merely stating they did not read the document they signed." (District Court Order at 3.)

Chapman's claim that he had no knowledge of the benefit payments until 1983— an allegation he apparently makes for the first time on appeal—is completely unsupported by the record. We find substantial evidence to support the ALJ's finding that Chapman either knew or should have known that the 1979 and 1980 reports contained incorrect statements about his earnings. Accordingly, we affirm on the basis of the district court's well-reasoned opinion, pursuant to 8th Cir.R. 14.