**Rena L. VOSLER, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. C87–0323J.**

United States District Court, D. Wyoming.

March 17, 1988.

---

Caroyl J. Long, Cheyenne, Wyo., for plaintiff.

Toshiro Suyematsu, U.S. Attorney's Office, Cheyenne, Wyo., on the brief, Deanna Ertle Brackett, for defendant.

ORDER AFFIRMING THE SECRETARY

JOHNSON, District Judge.

## I. BACKGROUND

On 21 October 1977, plaintiff's husband died. Before his death he had worked at a masonry business. At or soon after the funeral, a friend informed the widow, Rena Vosler, that she would be glad to help with the paperwork required by the Social Security Department related to benefits. The friend was a Social Security employee as well as a co-partner in the masonry business that had employed plaintiff's husband. Rena Vosler gathered the necessary application forms and her friend helped her with them. Based upon the information contained in her application, plaintiff soon began receiving mother's insurance benefits.

At the time of her husband's death, plaintiff worked as a bus driver for the school district. In 1979 she began working as a dispatcher for the school district at an increased wage. Although annual income reports were required, plaintiff did not file them. Sometime in 1983, the Social Security Administration demanded that the reports be filed. After examining plaintiff's reported income figures, the Social Security Administration declared that she had been overpaid $11,770.60 in benefits. On 4 March 1985, the Social Security Administration initially determined that this amount owed would not be waived. (R.A., pp. 69–70) Plaintiff received a personal conference in response to a request for a reconsideration, but waiver was again denied. (R.A., pp. 77–79) On 12 May 1986 a hearing was held before an Administrative Law Judge of the Office of Hearings and Appeals of the Social Security Administration. (R.A., pp. at 19–30) On 27 June 1986 the ALJ issued a decision finding plaintiff was not without fault in causing the overpayment and that requiring refund would not be against equity and good conscience, and therefore denied waiver. (R.A., p. at 14) On 14 July 1987 the Appeals Council denied plaintiff's request for review (R.A., pp. 4–5), and this action was filed. This court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 405(g).

## II. THE FRAMEWORK

When a recipient of benefits is overpaid, the Secretary is required to collect the overpayment. 42 U.S.C. § 404(a) (Supp. May 1987). The Secretary may not, however, recover overpayments from "any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience." 42 U.S.C. § 404(b) (1973). Controversy in this case centers upon whether plaintiff has met the terms of this waiver of overpayment statute.

## III. SUBSTANTIAL EVIDENCE

■ The Secretary's decision as to the findings of fact will be affirmed if supported by substantial evidence. Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir.1985) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). This limited standard of review does not apply to questions of law. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir.1983)).

Whether a recipient was "without fault" in receiving and accepting overpayments of benefits is a factual determination reviewed under the substantial evidence standard. *Chapman v. Bowen*, 810 F.2d 151, 152 (8th Cir.1986) (citing *Howard v. Secretary of Health and Human Services*, 741 F.2d 4, 8 (2nd Cir.1984)). A recipient of overpaid benefits bears the burden of showing she acted without fault. *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir.1982). Plaintiff argues the ALJ's decision that she was not "without fault"—and was therefore ineligible for waiver of the overpayments—is not supported by substantial evidence.

Plaintiff has maintained all along that the fault for her receiving overpayments

rests with the Social Security Administration. She feels that she was not sufficiently notified of the annual income reporting requirement. Responding to the Overpayment Recovery Questionnaire, she argued for a system under which recipients who had not filed an annual income report would be notified that their benefits would be curtailed if they did not do so. (R.A., p. 74) The argument is defective in that it focuses on the fault of the Social Security Administration, and not the fault of Rena Vosler. "Although the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault." 20 C.F.R. § 404.507.

■ The Secretary's regulations set forth the scheme under which the fault determination is made. Whenever benefits are overpaid, all pertinent circumstances must be considered in determining fault, including age, intelligence, education, and physical and mental condition. *Id.* The test is whether a reasonable recipient of benefits with the same characteristics as the recipient who was overpaid would be at fault in receiving the benefits. *Harrison v. Heckler,* 746 F.2d 480, 482 (9th Cir.1984).

The standard of care owed by recipients of overpayments depends on whether they have received deduction overpayments as opposed to any other kind of overpayments. 20 C.F.R. § 404.507. That section refers us to 20 C.F.R. § 404.510 to give meaning to "deduction overpayments." That section in turn refers us to certain overpayments listed in the statutes, for example, "Deductions on account of work," as found at 42 U.S.C. § 403(b). That section provides for deductions in benefits when earnings exceed the exempt amount. The overpayments made to Rena Vosler resulted from her income being greater than that reported and are hence deduction overpayments.[1] *See, e.g., Morris v. Harris,* 663 F.2d 1014 (10th Cir.1981) (After receiving mother's insurance benefits for many years, recipient took a secretarial job for two years but did not report earnings. Deciding that her resulting overpayment should not be waived, the Tenth Circuit relied upon deduction overpayments regulations, 20 C.F.R. §§ 404.-512(a), 404.510(b)); *Tannehill v. Bowen,* —— F.Supp. ——, No. CV87-PT-0873-S, Slip Op. (N.D.Ala. Dec. 28, 1987) (A recipient of mother's insurance benefits did not file annual income reports and overpayments were sought to be recovered against her. The court stated that the overpayments were deduction overpayments and applied the corresponding regulations). In addition, the administration's waiver determination in this case reads as follows: "Type of Overpayment: Deduction."

Mrs. Vosler is a high school graduate with about 15 college credits. At the time of her 12 May 1986 administrative hearing, she was 46 years old. She was understand-

---

1. All through the proceedings until now the wrong standard has been applied in determining what constitutes fault on the part of the overpaid individual. Because this overpayment was not treated as a deduction overpayment the agency decision-makers found Mrs. Vosler at fault since in their view the overpayments resulted from one of the following:

   (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

   (b) Failure to furnish information which he knew or should have known to be material; or

   (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. In fact, Mrs. Vosler owed a duty to exercise a high degree of care in determining whether circumstances which may cause deductions from her benefits should be brought to the attention of the administration by an immediate report or by return of a benefit check. 20 C.F.R. § 404.511. Substantial evidence supports the finding that Mrs. Vosler did not live up to the duty of care under either of these regulations. The duty of care owed by Mrs. Vosler under the regulation that the ALJ relied upon is less stringent than the regulation that does apply. Therefore, because Mrs. Vosler cannot win on the less stringent standard, there is no need to remand this proceeding to determine whether she can prevail on the more stringent standard.

ably suffering from the trauma caused by her husband's suicide.

As a recipient of deduction-overpayments, plaintiff must meet a stringent burden to establish that she was without fault. Fault will be attributed to her if

[t]he Administration has evidence in its possession which shows either a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check.

20 C.F.R. § 404.511. The effect of this regulation is somewhat ameliorated in the same section where it is also stated that

[t]he high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault in accepting a "deduction overpayment."

Plaintiff is not without fault under this regulation.

Plaintiff's application for mother's insurance benefits reads in part as follows:

An Annual Report of Earnings must be filed with the Social Security Administration within 3 months and 15 days after the end of any taxable year in which you earn more than the exempt amount (e.g., $3,000 for 1977) and receive some benefit payment for a month in that year. I AGREE TO FILE AN ANNUAL RE-

PORT OF EARNINGS. THE ANNUAL REPORT IS REQUIRED BY LAW AND FAILURE TO REPORT MAY RESULT IN THE LOSS OF ONE OR MORE MONTHLY BENEFITS.

This provision is conspicuously set off at the top of the page that plaintiff signed.

Plaintiff simply did not exercise a high duty of care in apprising herself of this requirement. That benefits decrease as earnings increase is not a complex circumstance. In arguing that she did not have the capacity to know she was being overpaid, plaintiff cites her emotional trauma at that difficult time and the help she received in filling out the form by a social security employee, Ann Wensky. Yet, "not later than a month" after the application was originally filled out, Mrs. Vosler initialed changes on her application form as to her expected earnings. (R.A., pp. 26–27, 33) This demonstrates that plaintiff knew the amount of her earnings was important to the Social Security Administration.[2] Further, at the top of the page at which the earnings figures were lowered and initialed, it reads as follows:

HOW YOUR EARNINGS IN 1977 AND LATER AFFECT YOUR BENEFITS You may earn up to $3,000 a year and still receive all your social security benefits. Count gross wages (not take-home pay) and net self-employment income. This applies to all employment and self-employment whether or not covered by Social Security.

If you earn over $3,000, $1 in benefits may be withheld for each $2 of earnings you have over $3,000. No matter how much you earn in a year, you are entitled to a benefit for any month in which you do not earn wages of over $250 and do

---

**2.** This court will not rely upon notices allegedly sent to Mrs. Vosler in her check-stuffers because that notice is not included the record. The ALJ concluded that the check-stuffers again notified Mrs. Vosler of the income reporting requirements. He based this view on a statement made by Mrs. Vosler in an overpayment recovery questionnaire. (R.A., p. 13) There Mrs. Vosler stated as follows:

Payments were regulated by the Social Security Department and I thought they knew what

they were doing. From the time I signed up for my payments to begin, I was never informed, except in the notices sent with my checks, which I thought I must be exempt from, as I was NEVER notified that I was not complying with the rules.

The problem with the ALJ's interpretation is that Mrs. Vosler never states what she was not informed of. This court will not assume that it was the annual income report requirement absent a copy of the check-stuffer in the record.

not perform substantial services in self-employment.

HOW YOUR EARNINGS IN 1976 AFFECT YOUR BENEFITS If you earned over $2,760 in 1976, $1 in benefits may be withheld for each $2 of earnings you had over $2,760. You can receive a benefit for any month you did not earn wages of over $230 and did not perform substantial services and self-employment.

Faced with Rena Vosler's corrections of estimated earnings and the conspicuous language requiring annual income reports and explaining the effect of earnings on benefits, this Court finds substantial evidence supports the ALJ's decision that Rena Vosler was not without fault.[3]

■ Finally, plaintiff argues that she was without fault since she in good faith relied on the Social Security Administration's expertise to provide her with the correct amount of benefits.[4] In support of this view, she cites *Jefferson v. Bowen*, 794 F.2d 631 (11th Cir.1986); *Viehman v. Schweiker*, 679 F.2d 223 (11th Cir.1982); and *Rini v. Harris*, 615 F.2d 625 (5th Cir. 1980). Her "reliance" does not match up with the reliance under the cases she cites for one simple reason—she did not rely on affirmative statements by Social Security officials that turned out to be incorrect. Unlike the recipients in the cited cases, she sat passively by and "relied" on the Social Security Administration's not providing her further notice than was contained in the application for benefits.

## IV. CLAIMED DEVIATIONS FROM LEGAL STANDARDS

### A. Constitutional Sufficiency of Notice

■ Plaintiff argues that the notices she received concerning overpayment of benefits were constitutionally deficient and relies upon *Ellender v. Schweiker*, 575 F.Supp. 590, 600 (S.D.N.Y.1983) to support that view. In that case, the Court dealt with the Social Security Administration's Backlogged Debt Management Project (BDMP), which was created to collect from Old Age, Survivors, and Disability Income (OASDI) recipients any overpayments made while they were receiving Supplemental Security Income (SSI). Plaintiffs formed a class of all persons in New York who were currently receiving OASDI benefits and who had been informed that they must refund alleged overpayments of SSI benefits either by direct repayment or repayment from their monthly OASDI benefits. The most complete notice provided by the BDMP to recipients simply announced the amount of overpayment and the right to appeal and waiver.

After disallowing cross-program recovery, the court determined that notice sufficient to satisfy procedural due process required an explanation of the following: (1) the time periods during which overpayments of benefits arose; (2) the amount of overpayment in each time period and in total; (3) the amount of any prior repayments; (4) the reason for the overpayment;

---

3. The ALJ also applied the wrong regulations on requiring payments as "defeating the purpose of Title II" or "being against equity and good conscience." He applied 20 C.F.R. §§ 404.508 and 404.509 rather than 20 C.F.R. § 404.512. The differences in this standard as between the regulations leads this court to believe that the ALJ's findings with respect to these issues is not supported by substantial evidence. The ALJ's decision will still be affirmed, however, since once a recipient is found not without fault, these other questions become moot.

4. This argument is akin to that under 20 C.F.R. § 404.510(b), which reads as follows:

Reliance upon erroneous information from an official source within the Social Security Administration (or other governmental agency which the individual had reasonable cause to believe was connected with the administration of benefits under title II of the Act) with respect to the interpretation of the pertinent provision of the Social Security Act or regulations pertaining thereto. For example, this circumstance could occur where the individual is misinformed by such source as to the interpretation of a provision in the Act or regulations relating to deductions, or relating to the effect of residence of an alien outside the United States for more than 6 months.

Plaintiff could not prevail on this regulation for the same reason that she could not prevail on her cited cases. Her reliance did not stem from erroneous information being given to her, but, she says, from correct information not being given to her. Such passive reliance does not qualify.

(5) the recipient's right to appeal and/or reconsiderations; and (6) the recipient's right to waiver.[5] *Id.* at 600. The notice provided to Rena Vosler was constitutionally sufficient.

Plaintiff received the above notice. Her complaint seems to be that the amount of overpayment in each time period was not provided until 12 May 1986, the day of her administrative hearing. More than one year passed from the time of notice to her that $11,170.60 was due in the administrative hearing. (R.A., pt. 19, 69) Plaintiff had plenty of time to assemble information to challenge the figures contained in the payment worksheet. Even now, months after the administrative hearing, she does not challenge those overpayment figures. The notice she received was constitutionally sufficient.

### B. Subjective Standard of Fault

■ Plaintiff contends that the ALJ erred by applying an objective standard in determining fault. This court disagrees. At the hearing, the ALJ inquired into such subjective factors as her age and education. He had before him exhibits such as plaintiff's letters and responses to the Social Security Administration that shed light on her intelligence, communicative skills, and mental condition following her husband's suicide. The ALJ did not apply an objective standard of what would be expected of a reasonable person, but instead applied a subjective standard of what would be expected of a reasonable person with Mrs. Vosler's characteristics. As noted in the earlier section on substantial evidence, the ALJ's decision that plaintiff did not live up to the required high degree of care was supported by substantial evidence.

### C. The Required Inquiry of an Unrepresented Beneficiary by an ALJ

The Tenth Circuit has held that "a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987) (quoting *Heckler v. Campbell,* 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952, 1959 n. 1, 76 L.Ed.2d 66 (1983)). The duty is higher when a claimant is not represented by counsel. *Jordan v. Heckler,* 835 F.2d 1314, 1315 (10th Cir.1987).

The ALJ at plaintiff's hearing inquired into subjective factors such as her age and education. From observing her during the hearing, he could get a feel for her intelligence and her mental or physical condition. In addition, he had before him in the exhibits or statements information as to how her husband's suicide caused her trauma. At the end of the hearing, she was given an opportunity to add anything she felt was important but did not do so. From the record it is apparent that Mrs. Vosler ably presented her side. Under all the circumstances, the ALJ's inquiry met the required standard.

IT IS THEREFORE ORDERED that the Secretary's final decision be affirmed.

---

**5.** Two stated requirements do not apply in this case:

(7) That the law prohibits money received through OASDI to be withheld by the Secretary in order to repay SSI overpayments and that no legal process may attach to those benefits (i.e., that transfer or assignment of OASDI benefits, whether voluntary or involuntary, and legal processes taking those benefits, violates section 207(a) 42 U.S.C.

§ 407(a)); and (8) That the time period in which the Government should have collected the overpayments may have passed, but that if the recipient pays back any installment or writes a letter acknowledging the overpayment, the Government's right to collect may be revived (i.e., the statute of limitations may have run, but partial repayment or a written acknowledgment may revive the claim).