Wanda CONNELL, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 89–1346.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1989.

Decided Nov. 6, 1989.

Marti D. Nerenstone, Council Bluffs, Iowa, for appellant.

Richard L. Richards, Des Moines, Iowa, for appellee.

Before FAGG and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Wanda Connell appeals from the denial of a waiver of recovery of overpayments of Social Security survivors' insurance benefits received pursuant to 42 U.S.C. §§ 402(d) and 402(g) (1982). We affirm the decision of the district court that Connell is not without fault in causing the overpayments under 20 C.F.R. § 404.506(a) (1988). We also conclude, however, that Connell's current income is insufficient to meet her ordinary and necessary living expenses. Consequently, we remand the case to the district court with instructions that it be remanded to the Secretary for a determination whether the Secretary's present practice of deducting a substantial amount of Connell's monthly benefit to recoup the overpayment defeats the purpose of Title II of the Social Security Act pursuant to 20 C.F.R. § 404.502(c) (1988).

## BACKGROUND

Connell and her children began receiving Social Security insurance benefits after the death of Connell's husband, Patrick, in 1973. Between September 1981 and December 1984, Connell received six notices from the Social Security Administration (SSA) indicating that between 1975 and 1981, she was overpaid benefits totalling $16,133.20. The overpayment claim was based on Connell's earnings during the relevant period. Connell requested a waiver of repayment on November 21, 1983. The waiver was denied. Connell exhausted her administrative remedies and appealed to the district court, which affirmed the decision of the Administrative Law Judge (ALJ). The ALJ found that Connell knew or should have known that she was required to report her earnings annually to the SSA. Because Connell's failure to report her earnings caused her overpayments, the ALJ held that she was not without fault and therefore not entitled to a waiver.

In 1975, Connell received an earnings report card for 1974, which she completed and returned. She claims not to have received report cards for the remaining years during which she received benefits and not to have known that she was required to report her earnings annually. Consequently, she failed to report her earnings for those years until the SSA discovered the 1974 overpayment in 1981. At that time, Connell completed earnings reports for the intervening years. On an overpayment recovery questionnaire, Connell indicated that the conditions under which she could receive benefits were explained to her at the time she first applied.

Connell currently is being treated for lymphoma, can work only two and a half days a week, and earns less than she needs to live on. Noting these considerations, the ALJ recommended that recovery proceedings against Connell be postponed indefinitely. The SSA currently is recouping the overpayment, however, by withholding $200.00 per month from Connell's $362.00 disability benefit payment.

## DISCUSSION

The standard for waiver of recovery of overpayment of benefits is set forth in 20 C.F.R. § 404.506 (1988). In relevant part, it states:

[T]here shall be no adjustment or recovery in any case where an incorrect payment * * * has been made * * * with respect to an individual:

(a) Who is without fault, and

(b) Adjustment or recovery would either:

(1) Defeat the purpose of title II of the Act,

or

(2) Be against equity and good conscience.

*Id.*

We must determine whether the ALJ erred in finding that Connell was not without fault in receiving the overpayments. Fault, for the purposes of deduction overpayments, is defined in 20 C.F.R. § 404.511(a) (1988):

An individual will not be "without fault" if the Administration has evidence in its possession which shows either a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check. The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault in accepting a "deduction overpayment."

The standard of review of the ALJ's decision is whether substantial evidence on the record as a whole supports the decision. *Chapman v. Bowen*, 810 F.2d 151, 152 (8th Cir.1986). "Substantial evidence" means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Substantial evidence exists on the record to establish that Connell knew or should have known of the earnings reporting requirement. The application for benefits, which Connell signed, contains a full-page explanation of the earnings reporting requirement. Connell reported her earnings for 1974 when she was asked to in 1975. She stated on an overpayment recovery questionnaire that the conditions under which she could receive benefits were explained to her when she first applied.[1] Connell completed and returned SSA forms documenting the eligibility for benefits of her minor children. Correspondence in the record between Connell and the SSA about an unrelated matter concerning the benefits of her son shows Connell to be of at least average intelligence and literacy. The letters also suggest, contrary to Connell's testimony at the hearing, that she was sufficiently sophisticated to deal with the Social Security bureaucracy by herself.

Substantial evidence on the record as a whole therefore supports the ALJ's determination that Connell was not without fault in receiving benefit overpayments. Consequently, the Secretary is entitled to recoup the overpayment from the disability benefits Connell currently receives. *See* 20 C.F.R. § 404.502(a)(1) (1988).

■ We note, however, that § 404.502(a)(1) is tempered by § 404.502(c)(1), which provides:

Where it is determined that withholding the full amount each month would "defeat the purpose of title II," i.e., deprive the person of income required for ordinary and necessary living expenses * * *, adjustment under paragraphs (a) and (b) of this section may be effected by withholding an amount of *not less than $10 of the monthly benefit payable to an individual.*

*Id.* (emphasis added).

1. A second questionnaire, completed after Connell became represented by counsel, contradicts the first one, stating that Connell never was told anything about her benefits. Similarly, although Connell testified at the hearing that she

Subsection (2) of § 404.502(c) provides that an adjustment in recoupment of overpayment will not be available "if the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information." *Id.*

The record indicates that Connell's failure to comply with the earnings reporting requirement was negligent rather than intentional, and that Connell's income after recoupment deductions is insufficient to meet her ordinary and necessary living expenses. We therefore believe that she is entitled to an adjustment in the amount of overpayment recoupment that the SSA deducts from her monthly disability benefit. We remand Connell's case to the district court with instructions to remand it to the Secretary to determine a monthly recoupment deduction from Connell's benefits that is consistent with § 404.502(c).

In summary, we affirm in part and remand for further proceedings consistent with this opinion.

■

had no recollection of the circumstances surrounding her application for benefits, her memory seems not to have lapsed until after she got a lawyer.