Deborah A. DOWNING, Plaintiff

v.

Donna E. SHALALA, Secretary of Health and Human Services, United States of America, Defendant.

Civ. A. No. 93–4242–DES.

United States District Court, D. Kansas.

March 23, 1995.

Robert E. Duncan, II, Duncan, Chartered, Topeka, KS, for plaintiff.

Melanie D. Caro, Office of U.S. Atty., Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion to reverse (Doc. 12) the Secretary's denial of her motion for waiver for overpayment of benefits. Defendant has filed a motion for an order affirming the Secretary's decision (Doc. 13).

## FACTUAL AND PROCEDURAL BACKGROUND

The wage earner in this case, Wayne A. Downing, died in July 1978. He was survived by his daughter who lived with her mother, Deborah A. Downing, from whom the wage earner was divorced in 1976.

Plaintiff Deborah Downing filed an application for surviving child's insurance benefits on behalf of her daughter on August 11, 1978, and for mother's insurance benefits on her own behalf on August 7, 1978. Plaintiff Downing signed both applications which carried the following paragraph:

> An annual report of earnings must be filed with the Social Security Administration within three days after the end of any taxable years in which you earned more than the exempt amount ... and received some benefit payment for a month in that year. I agree to file an annual report of earnings. The annual report is required by law and failure to report may result in the loss of one or more monthly benefits.

Ms. Downing filed an estimated report of earnings for 1988 in September 1987 and in 1989 she filed reports of earnings for 1983, 1985, 1987 and 1989. She filed an annual report of earnings for 1988 in April 1989, and an annual report of earnings for 1983 in March 1989.

On January 14, 1988, Ms. Downing was notified that she was not entitled to benefits for 1987 or 1988 because of her earnings. On April 4, 1990, Ms. Downing was advised that she had been overpaid in Social Security benefits in the amount of $12,391.

Ms. Downing filed a Request for Waiver and Recovery Questionnaire on June 27, 1990, claiming she was not aware of the overpayment or that she was required to file an annual report. This request was denied on July 31, 1990, because she was "not without fault."

On August 31, 1990, Ms. Downing requested a hearing before an Administrative Law Judge ("ALJ"). That hearing was conducted on January 17, 1991. On May 24, 1991, the ALJ held that Ms. Downing was overpaid benefits; that she was not without fault in receiving and accepting the overpayment; and that recovery of the overpayment was not waived.

Ms. Downing filed this action on November 12, 1993. Defendant filed her answer on March 15, 1994. On December 7, 1994, defendant filed a motion to dismiss due to plaintiff's failure to file a timely dispositive motion. This court issued an order to show cause to plaintiff on December 16, 1994. On January 3, 1995, plaintiff filed her dispositive

motion and memorandum in support. Defendant filed her response and motion for an order affirming the Secretary on February 28, 1995.

This matter is, thereby, ripe for the court's decision.

### ISSUE ON APPEAL

The issue before the court is whether there is substantial evidence to support the Secretary's finding that plaintiff was overpaid benefits and that she was not without fault in receiving and accepting the overpayment.

### SCOPE OF REVIEW

 Judicial review of the Secretary's decision is limited. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497 (10th Cir.1992). The court's function is to determine (1) whether the Secretary applied the proper legal standards and (2) whether the Secretary's decision is supported by substantial evidence. *Id.* at 1497–1498.

If the Secretary's factual findings are supported by substantial evidence, the court must give them conclusive effect. 42 U.S.C. § 405(g). Substantial evidence is evidence which a reasonable person might find sufficient to support a particular conclusion. *Richardson v. Perales,* 402 U.S. 389, 401–402, 91 S.Ct. 1420, 1427–1428, 28 L.Ed.2d 842 (1971). Further, substantial evidence must be more than a mere scintilla, *Id.* at 403, 91 S.Ct. at 1428, but may be less than a preponderance. *Flint v. Sullivan,* 951 F.2d 264, 266 (10th Cir.1991).

Whether a recipient was "without fault" in receiving and accepting overpayments of benefits is a factual determination reviewed under the substantial evidence standard. *Connell v. Bowen,* 888 F.2d 1250 (8th Cir.1989); *Vosler v. Bowen,* 685 F.Supp. 1206, 1208 (D.Wyo.1988).

### DISCUSSION

The ALJ found, and the court agrees, the record supports the conclusion that Ms. Downing knew, or should have known, that she was required to report annual earnings. She signed both applications for benefits and the reporting requirement was prominently printed on both signature pages. Ms. Down-

ing admitted at the hearing that she signed both applications. Although she denied filling out the applications or having a copy of the applications, by signing the applications, she is charged with the contents of the same.

Ms. Downing holds a responsible job with Kansas Power and Light and is clearly able to read and understand the report requirement. Although she testified that she was suffering from a brain tumor and had undergone surgery and treatment close to the time of her ex-husband's death and the filing of the applications for benefits, such evidence does not outweigh the evidence which supports the ALJ's findings.

The Secretary's decision is affirmed.

**IT IS THEREFORE BY THE COURT ORDERED** that the plaintiff's motion to reverse the Secretary's ruling (Doc. 12) that she was not without fault is denied. The Defendant's motion to affirm the Secretary's decision (Doc. 13) is granted.