Ermano VALENTE, Plaintiff–Appellant,

v.

Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 626, Docket 89–6124.

United States Court of Appeals, Second Circuit.

Argued Jan. 17, 1990.

Decided Feb. 21, 1990.

Before FEINBERG, PRATT and MAHONEY, Circuit Judges.

FEINBERG, Circuit Judge:

This case arising under the Social Security Act (the Act), comes to us for the second time. In our prior opinion, *Valente v. Secretary of Health and Human Services,* 733 F.2d 1037 (2d Cir.1984) (*Valente I*), we directed further administrative proceedings. Ermano Valente now appeals from a judgment of the United States District Court for the Eastern District of New York, I. Leo Glasser, J., entered after such further proceedings, in favor of appellee Louis Sullivan, M.D., Secretary of Health and Human Services (the Secretary). The district court held that there was substantial evidence to support the determination of the Secretary that Valente was not entitled to a waiver of an overpayment of $19,859.60 in disability benefits, and that the Secretary properly refused to determine whether Valente was entitled to benefits during any portion of the overpayment period. For reasons set forth below, we conclude that our mandate in *Valente I* was not completely followed, and we reverse in part and affirm in part.

### Background

We refer the reader to *Valente I* for a fuller discussion of the background and prior proceedings in this case. See *Valente I,* 733 F.2d at 1038–41. Briefly, Valente became disabled in 1975 with a serious heart condition and thereafter began receiving disability benefits. Valente has worked only intermittently since then: For example, he was employed from February 1976 to June or July 1977, when he again became disabled; he was out of work between June or July 1977 and October 1978; and he returned to work in October 1978. Throughout this period, however, the Social Security Administration (SSA) continued to send Valente disability benefits.

In 1980, the SSA determined that Valente's disability had actually ended in October 1976, and that, as a result, Valente had received benefits to which he was not

Bruce E. Loren, New York City (Proskauer Rose Goetz & Mendelsohn, Charles S. Sims, of counsel), for plaintiff-appellant.

Thomas A. McFarland, Brooklyn, N.Y., Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Asst. U.S. Atty., of counsel), for defendant-appellee.

entitled during the 35–month period from February 1977 to January 1980. This alleged overpayment amounted to $19,859.60.

Although there is evidence in the record that a good portion of this delay in discovery of the overpayment was due to error on the part of the SSA, see, e.g., *Valente I*, 733 F.2d at 1039, the Secretary for a number of years refused to waive any part of this overpayment. The Secretary has maintained until recently that Valente was not entitled to a waiver of any overpayment under the Act, because he was not "without fault" in causing the overpayment, and because requiring Valente to repay would not be against equity or good conscience and would not defeat the purposes of the Act. See 42 U.S.C. § 404(b); 20 C.F.R. § 404.506.

In *Valente I*, we reversed the district court's prior judgment that Valente was entitled to waiver of recovery of the overpayments, and we remanded for further administrative proceedings. See *Valente I*, 733 F.2d at 1038. We held that the district court had improperly resolved credibility issues, on which the Secretary should make further findings, and had used an improper legal standard in awarding judgment to Valente. However, we did not direct judgment for the Secretary; we concluded that even applying the proper statutory standard, the Secretary's ruling against Valente could not be sustained on the record then before us.

We reached this conclusion for three reasons. First, the Administrative Law Judge (ALJ) "did not consider Valente's physical condition and made no effort to determine whether Valente was entitled to benefits for some of the 35 months in question," *id.* at 1046, for example, the period June 1977 through October 1978, when Valente was not working and was, in fact, hospitalized for some time. See *id.* at 1043. Second, the ALJ "did not consider a pertinent regulation of the Secretary that may exonerate Valente from fault for the entire 35–month period," *id.* at 1046, i.e., 20 C.F.R. § 404.510a, which provides that a person is without fault with respect to an overpayment if that person "accepts such overpayment because of reliance on erroneous information from an official source within" the SSA. Third, the ALJ "made no finding as to Mrs. Valente's credibility, which was a factor critical to any determination of fault." *Valente I*, 733 F.2d at 1046. We thus remanded to the Secretary with directions to the ALJ to "consider all of these matters" and to "develop[ ] the record fully." *Id.*

On remand, however, the ALJ did not follow our instructions completely. He did pass on the credibility of Mrs. Valente, rejecting as "inconceivable" Mrs. Valente's account that she had received wrong information from employees of the SSA. Nevertheless, he refused to determine Valente's physical condition from June 1977 to October 1978 and whether Valente was entitled to benefits for this period, on the ground that Valente had failed to file an application for disability benefits for this period and was therefore barred from receiving them. The ALJ thus concluded that Valente was required to repay the entire 35–month overpayment.

The Appeals Council adopted the ALJ's decision, which became the final decision of the Secretary. Thereafter, Valente filed this renewed action in the district court to reverse the decision of the Secretary not to waive recovery. While review was pending in the district court, Valente and the Secretary entered into a stipulation, under which the Secretary agreed to waive recovery of overpayment for the period February 1977 through September 1978; however, the Secretary would continue to seek recovery of benefits for the period October 1978 through December 1979.

In its decision, the district court took notice of the stipulation, which narrowed the issue before it to the overpayments from October 1978 through December 1979, amounting to $9,165.20. The court held that there was substantial evidence to support the determination of the ALJ that Valente was not entitled to a waiver of an overpayment for these remaining months. The court also rejected Valente's claim that the ALJ had ignored our direction to consider whether Valente was entitled to benefits during the period June 1977 to October 1978, ruling that the ALJ properly found

that Valente's failure to file an application for disability benefits for this period barred him from receiving those benefits.

## Discussion

On this second appeal to this court, it appears to us that the ALJ (and therefore the Secretary) has not followed a significant portion of our prior mandate, which goes to the heart of this appeal. As indicated above, the very first issue we directed the ALJ to consider was Valente's "physical condition" during the period for which he allegedly received overpayments. The most important portion of this period clearly was from June 1977 to October 1978, when Valente claims to have been disabled. That claim is obviously well taken, as shown not only by the Secretary's recent stipulation waiving any overpayments from February 1977 through September 1978 but also by his concession at oral argument to us that Valente was disabled for that period.

We stated in our prior opinion:

If during those months Valente was disabled within the meaning of the Act, he was entitled to SSI benefits. If he was entitled to benefits, he was not only "without fault" in receiving them; such benefits would not be "overpayments" at all. See 29 C.F.R. § 404.510a.

733 F.2d at 1043 (footnotes omitted). And, we pointed out in a footnote to the above-quoted passage:

As to any payment that was not an "overpayment," of course, questions of fault, inequity, and the purposes of the Act do not come into play. Thus if on remand the ALJ determines that the Valentes were entitled to benefits for any of the months in question, he should rule *without further ado* that no recovery of such a payment is required.

Id. at 1043 n. 7 (emphasis added).

Despite the fact that it is now clear that Valente was disabled for the period June 1977 to October 1978, the ALJ refused to "consider" that question because Valente did not file a separate application for benefits for that period as required by SSA Regulations. Under the circumstances, we believe that at this stage of the proceed-ings the ALJ's rigid adherence to the application requirements of the Regulations cannot be upheld. It is uncontested that Valente promptly reported his return to work in April 1976 after his first period of disability; that the SSA sent Valente a letter advising him of a nine-month trial work period after which benefits might be discontinued; and that the SSA never stopped Valente's disability payments. Moreover, Valente had one application for benefits on file with the SSA, and the district court specifically found there was "no fraud, willful misrepresentation, or concealment of material information on the part of [the Valentes]."

Accordingly, in view of the record now before us, we believe that we should regard as established Valente's disability (and therefore entitlement to benefits) for the period June 1977 to October 1978. This is crucial to determination of the major portion of this appeal because, as we pointed out in *Valente I*, if Valente was so entitled

he may also have been entitled to another nine-month trial work period after he resumed work in October 1978, plus an additional three months' benefits after the expiration of that period.

733 F.2d at 1043. We see no persuasive reason why Valente is not so entitled to benefits for the additional 12–month period. As indicated above, the SSA continued such benefits for an initial trial work period of nine months with benefits for three more months (and so advised Valente) after he notified the SSA in April 1976 of his return to work. It would be inappropriate to deny benefits for the second trial work period commencing October 1978 simply because Valente had failed to file an additional application at a time when he was disabled and receiving benefits to which, as we pointed out in *Valente I*, he was therefore entitled. And, at oral argument, the Secretary conceded that a trial work period would again apply if Valente was disabled in the period June 1977 to October 1978. We could, of course, in theory remand the matter again on the issue of benefits for the second trial work period, but for the reasons already expressed above we see no useful purpose in doing so. Moreover, the

ALJ's failure to make findings in accordance with our mandate has already contributed to an excessive expenditure of time and resources by the parties and the courts.

■ We thus conclude that only three months of overpayment are left are before us, i.e., October, November and December 1979. With respect to these three—but only these three—overpayments, we hold that the Secretary's finding that Valente was not without fault was supported by substantial evidence. The record reveals that these three overpayments amount to $1,926.00, and the Secretary may recover this sum only. We are informed that Valente has been partially paralyzed since 1982 as a result of a heart attack and a stroke, and that he is totally dependent for living expenses upon his union pension check, food stamps and the disability benefits he currently receives. We assume that the parties will, as the ALJ provided, "make appropriate arrangements with the Social Security Office to provide for a repayment of the overpayment in such a manner so as not to deprive" Valente or his wife of "income for living expenses."

The decision of the district court is reversed in part and affirmed in part.