John L. HUGHES

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security

No. CIV.A. 03–174–A–1.

United States District Court,
M.D. Louisiana.

Feb. 6, 2004.

---

22. Rec. Doc. No. 29.

Russell Clayton Monroe, Greensburg, LA, for plaintiff.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, for defendant.

## RULING ON SOCIAL SECURITY APPEAL

RIEDLINGER, United States Magistrate Judge.

Plaintiff, John L. Hughes, filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his request for waiver of recovery of an overpayment of Social Security benefits.

### Background

Plaintiff was employed as a log cutter for a timber company. In August 1994 the plaintiff suffered a stroke while on the job, which resulted in an extended hospitalization and the plaintiff's inability to return to substantial gainful employment. The plaintiff filed an application for Social Security disability benefits on October 19, 1994. AR pp. 16–18. According to the plaintiff, his sister filled out the application for him while he was in the hospital and he signed it with his left hand. AR pp. 163–65.[1] Social Security determined that the plaintiff was disabled as of the date of his stroke, and the plaintiff began collecting disability benefits. When the plaintiff was released from the hospital he also applied for worker's compensation benefits. AR p. 164. The state hearing officer found that the plaintiff was entitled to compensation and medical expenses. However, the plaintiff was not awarded his worker's compensation benefits until the resolution of his employer's appeal of the hearing officer's findings. The Louisiana First Circuit Court of Appeals decision was dated October 1, 1996, and the Louisiana Supreme Court affirmed the decision in January 1997. AR pp. 41–50, 53, 54. Plaintiff received a lump sum payment of worker's compensation in the amount of $23,000.00 and began to receive monthly benefit checks. AR p. 167. Plaintiff did not inform

---

1. Plaintiff testified that he was formerly right-

handed. AR p. 165.

Social Security of the determination that he was entitled to worker's compensation or that he began receiving benefits in 1997. AR pp. 54, 55, 79.

In late 1998, the Social Security office received a request for information from the office of worker's compensation. Social Security responded that they had no worker's compensation information on record, and at that time was advised that the plaintiff was receiving $319.00 a week in worker's compensation benefits. AR pp. 51–55. Social Security then began verbal and written communication with the plaintiff and his attorney to obtain relevant information and resolve the issue of overpayment. AR pp. 51–71. It was ultimately determined that the plaintiff had been overpaid $39,528.40 as a result of his failure to report the receipt of worker's compensation benefits, which would have offset the amount of disability benefits he was receiving from Social Security. On January 7, 2000, the plaintiff requested a waiver of recovery of the overpayment. AR pp. 78–85. Plaintiff's request for waiver was denied, and the plaintiff asked for a hearing before an Administrative Law Judge (ALJ). AR pp. 121–24, 131. A hearing was held before the ALJ who issued a decision on June 4, 2001 finding that the plaintiff was not entitled to a waiver and must pay back the overpayment of $39,528.40. AR pp. 12–15, 160–89. The Appeals Council denied the plaintiff's request for review. AR pp. 5–6. This matter is now before the court for judicial review of the final decision of the Commissioner denying the plaintiff's request for waiver of recovery of the overpaid amount of Social Security benefits.

### Standard of Review and Applicable Law

■ Judicial review of a final decision of the Commissioner under § 405(g) is limited to determining whether the decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards. *Austin v. Shalala,* 994 F.2d 1170, 1174 (5th Cir.1993); *Bray v. Bowen,* 854 F.2d 685, 687 (5th Cir.1988). Substantial evidence is more than a mere scintilla. It is such evidence that a reasonable mind would accept as adequate to support the decision. *Id.; Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Waiver of recovery of an overpayment of Social Security benefits is granted only where an individual is "without fault" in causing the overpayment, and where recovery of the overpayment would either defeat the purpose of the Act or be against equity and good conscience. 42 U.S.C. § 404(b); 20 CFR § 404.506(a); *Bray,* 854 F.2d at 687. The burden of proof that a claimant is without fault rests on the claimant. *Id.; Rini v. Harris,* 615 F.2d 625, 627 (5th Cir.1980).

■ The term fault as used in the law and regulations applies only to the individual. Although the Social Security Administration may have been at fault in making the overpayment, that fact will not relieve the overpaid individual from liability for repayment if the individual is not without fault. 20 CFR § 404.507; *Bray, supra.* Determining whether an individual is at fault involves a consideration of all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational or linguistic limitations, including any lack of facility with the English language. 42 U.S.C. § 404(b). What constitutes fault depends on whether the facts show that the incorrect payment to the individual resulted from: (a) an incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) failure to furnish information which he knew or should have known to be material; or (c) acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 CFR § 404.507; 20 CFR § 404.510. An individual will be considered to be without fault in accepting a payment which is incorrect if it is shown that such failure to report or acceptance of the overpayment was due to reliance on erroneous information from an official source within the Social Security Administration with respect to the interpretation of a pertinent provision of the Social Security Act or regulations. 20 CFR § 404.510(b).

Recovery of the overpayment would defeat the purpose of the Act, if the recovery would deprive a person of income required for ordinary and necessary living expenses. This depends on whether the person has financial resources sufficient for more than ordinary and necessary needs, or is dependent on all of his current benefits for such needs. Recovery will defeat the purposes of the Act in situations where the person from whom recovery is sought needs substantially all of his current income, including Social Security benefits to meet current ordinary and necessary living expenses. 20 CFR § 404.508(a) and (b).

Recovery is against equity and good conscience if an individual has changed his or her position for the worse or relinquished a valuable right because of reliance on a notice that a payment would be made or because of the overpayment itself. The individual's financial circumstances are not material to a finding under this factor. 20 CFR § 404.509(a)(1) and (b).

■ Plaintiff did not dispute the fact or the amount of the overpayment.[2] Howev-er, the plaintiff asserted that several errors justify reversal of the final decision of the Commissioner denying his request for waiver of the overpayment. Plaintiff essentially argued that although the ALJ cited the applicable regulations, he failed to articulate any factual analysis or reasoning to support his cursory conclusions, and that his conclusions were not supported by substantial evidence contained in the record.

A review of the administrative record as a whole, shows that the plaintiff's principal argument has merit. In his decision, the ALJ cited the applicable law and regulations, but failed to mention or analyze the specific facts in this case relevant to his findings. One illustration of this deficiency in the ALJ's decision is evident on the critical issue of fault. The statute and regulations state that a determination of whether an individual is at fault requires a consideration of all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational or linguistic limitations, including any lack of facility with the English language. The ALJ noted this and stated he considered all of these circumstances. Yet, his decision does not reveal any discussion of the facts contained in the record on this point, such as the circumstances under which the plaintiff completed and signed the application form in the hospital, the effects of the plaintiff's stroke, or the plaintiff's educational level and ability to read.[3]

2. The amount of the overpayment was $39,528.40. AR pp. 15, 121–167–68.

3. The record in the *Austin* decision cited by the Commissioner, supported the conclusion that the claimant had led the claims officer to include erroneous information in the application, which the officer filled out and the claimant signed. The court concluded that when a claimant fails to read a benefits form and verify that the information is correct, the claimant who signs the form may be held to be at fault if the information turns out to be incorrect. Under such circumstances the court found nothing offensive about holding the claimant bound by the content of documents she had signed. However, the court specifically noted that the limited education of a claimant can affect responsibility. *Austin*, 994 F.2d at 1174, *citing, United States v. Phillips*, 600 F.2d 535, 540 n. 4 (5th Cir.1979).

The ALJ also concluded that recovery of the overpayment would not defeat the purpose of the Social Security Act or be against equity and good conscience. Again however, the ALJ did not discuss or point to any facts in the record that supported his conclusions. For example, the ALJ did not analyze the hearing evidence which showed that the plaintiff's current monthly income was $1743.00 and his monthly ordinary and necessary living expenses were $1,652.00, leaving a balance of $91.00 per month. On the issue of equity and good conscience, the ALJ did not explore any of the evidence in the record regarding the financial obligations the plaintiff undertook when he began to receive worker's compensation benefits.

These examples are sufficient to show that the ALJ's decision fails to provide an adequate basis to determine whether the correct legal principles were followed, or whether substantial evidence supports the final determination denying the plaintiff's request for waiver. This justifies reversal and remand to the Commissioner for further administrative proceedings for reevaluation of the plaintiff's request to waive recovery of the overpayment, and issuing a new decision.[4]

Accordingly, under sentence four of 42 U.S.C. § 405(g), the final determination of the Commissioner of Social Security Jo Anne B. Barnhart, denying the plaintiff's request for waiver under 42 U.S.C. § 404(b) is reversed, and this action is remanded to the Commissioner for reevaluation of the plaintiff's request for waiver of overpayment recovery.

---

**4.** *See, Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1041–46 (2nd Cir.1984), *aff'd in part, rev'd in part,* 897 F.2d 54 (2nd Cir.1990); *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).