**Richard J. RINI, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Resources, Defendant-Appellee.**

No. 78–2598.

United States Court of Appeals, Fifth Circuit.

April 10, 1980.

Ronald J. Pursell, New Orleans, La., for plaintiff-appellant.

Mary Wms. Cazalas, Asst. U. S. Atty., New Orleans, La., Andrew E. Wakshul, Dept. of HEW, Baltimore, Md., for defendant-appellee.

Before GEE, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

Richard J. Rini appeals the district court's decision for the Secretary of Health, Education and Welfare upon consideration of cross motions for summary judgment. The decision upholds the Secretary's denial of Rini's request that she waive recovery of an overpayment of disability insurance benefits.[1] We reverse.

Richard J. Rini was born on March 3, 1935. After graduating from grammar school, he was told that he could not make it through high school. He entered high school but failed after a year and a half. Rini subsequently worked at various minimum wage jobs, such as a bellhop, mail clerk and department store checker. In March 1969 he suffered a nervous breakdown, necessitating prolonged hospitalization. In September 1969 he applied for total disability insurance benefits. His application was allowed, and a period of disability set, effective March 31, 1969. In June 1970 Rini returned to work as a church janitor and notified the Social Security Administration of this fact. His benefits were terminated at that time. In September 1970 he reported that he had stopped working because of his disability. Social Security then resumed Rini's disability payments and scheduled his case for review in March 1972.

On February 1, 1972, Rini returned to work as an elevator operator at a wage of $268.00 per month. He notified Social Security on February 16, 1972. Rini's payments continued under a trial work period. Due to an administrative error by Social Security, he was not again contacted until February 1974. Subsequently Social Security notified Rini that his disability had ceased in July 1972 at the end of the trial work period, and that he had been overpaid benefits by $2,096.10. Rini requested a waiver of the overpayment because he had relied on the government's proper manage-

---

1. The controlling statutory provisions as found in 42 U.S.C. §§ 404(a) and 404(b) provide in pertinent part:

   (a) . . .
   (1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount . . . . .

   (b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

ment of his case. The Secretary denied this request. The matter proceeded through administrative channels and finally was filed in district court. Thereafter, on April 1, 1977, the case was remanded to the Secretary for further administrative proceedings. On July 7, 1977 the Appeals Council decided that Rini was not without fault in causing the incorrect payment in that he failed to report his work activity promptly.[2] It based this decision on the finding that,

> Although he returned to work in February 1972, he did not report his work activity until February 1974.

In fact, Rini promptly reported his return to work on February 16, *1972*, not 1974. The record that was before the council contains unmistakable documentation of that report. The Secretary argues, however, that notwithstanding the clearly erroneous basis for the administrative decision she should be upheld because the record contains other evidence sufficient to demonstrate Rini's fault. The contention rests entirely on Rini's acceptance of the benefit payment and on assumptions about what he should have known.[3]

On appeal our function is limited. We do not reweigh the evidence or substitute our judgment for the Secretary's judgment. Rather we determine whether the record as a whole contains substantial evidence supporting the Secretary's decision. *Goodman v. Richardson*, 448 F.2d 388, 389 (5th Cir. 1971). With respect to the substantial evidence requirement the Supreme Court has said that it is

> more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). We have observed that the

plaintiff in a case such as this bears a heavy burden. *Williams v. Finch*, 440 F.2d 613, 615 (5th Cir. 1971). As that case demonstrates, however, we have not hesitated to reverse the Secretary when the burden is met. *Id.*

*Shutt v. Secretary of Health, Education and Welfare*, 490 F.2d 43, 48 (5th Cir. 1974) underscores the relevance of prompt notification to the question whether benefits received should be repaid. The date Rini notified Social Security that he had resumed work was properly a controlling factor in the Appeals Council's holding. The Council's mishandling of this key element would at least necessitate another remand for a redetermination of fault. We feel, however, that this case has gone far enough. The fault in this case belongs at the agency's doorstep. Rini testified that he didn't know when the trial period terminated. He relied on the explanation that the people at Social Security must know what they are doing. In this instance he may have been in error, but if so, the error was nevertheless a reasonable one. Taking into account the nature of his disability, his education, his past experiences and his other limitations that his testimony make apparent, the Secretary's claim that Rini acted unreasonably in not knowing that he was being overpaid offends both equity and good conscience. There may have been a scintilla of evidence indicating some fault on Rini's part, but it is nothing more. His motion and not the motion of the Secretary should have been granted. We therefore reverse and remand this case to the district court with direction that judgment be entered for Rini.

REVERSED and REMANDED.

---

**2.** The decision of the Appeals Council became the final decision of the Secretary and is before us pursuant to 42 U.S.C. § 405(g).

**3.** The lower court also found that Rini had been written by Social Security in February 1972, "indicating that his trial work period would end

in June 1972 and at that time he would be recontacted by the Agency." Inexplicably, there was no such letter in the record and counsel for the Secretary represented to us at oral argument that if it exists at all, the letter has never been located by the agency.