**Vicki BRAY, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

**No. 88–1115
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 5, 1988.

---

686

Mary Ellen Felps, Austin, Tex., for plaintiff-appellant.

Raymond A. Nowak, Asst. U.S. Atty., San Antonio, Tex., Joseph B. Liken, Asst. Regional Counsel, Office of Gen. Counsel, U.S. Dept. of H.H.S., Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

PER CURIAM:

Vicki Bray appeals the district court's decision that the Secretary of Health on Human Services correctly denied her request for waiver of recovery of an overpayment of surviving child's insurance benefits. Finding that the Secretary's decision was supported by substantial evidence, we affirm.

I.

Vicki Bray filed an application for surviving child's insurance benefits on the earnings of her deceased mother on October 16, 1973. At the time she filed her application, she was informed that a change in her marital status would result in a loss of her eligibility for surviving child's benefits. *See*, 42 U.S.C. § 402(d)(1)(B) (1983); 20 C.F.R. § 404.350(d) (1988). She was married in 1979; however, she continued to receive and cash benefit checks until some time in 1983. The Social Security Administration (SSA) learned of her change in marital status in December 1982 and charged her with an overpayment of $5,807.74. Bray requested a waiver of recovery of the overpayment which the Secretary denied initially, on reconsideration, and after a personal interview. After a hearing de novo, an ALJ denied her request for waiver. The appeals council declined to review the ALJ's decision. Bray then filed a complaint in district court for the Western District of Texas seeking judicial review of the Secretary's decision. Both Bray and the Secretary filed motions for summary judgment. A United States magistrate recommended that the Secretary's motion be granted. The district court adopted the magistrate's report and recommendation and entered judgment for the Secretary. Bray appeals. We affirm.

II.

Judicial review of a final decision of the Secretary under 42 U.S.C. § 405(g)

(1983) is limited to determining whether the decision was supported by substantial evidence and whether any errors of law were made. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir.1988). We conclude that the Secretary's decision was supported by substantial evidence.

■■■ Waiver of recovery of an overpayment is granted only where an individual is "without fault" in causing the overpayment and where recovery of the overpayment would defeat the purpose of the Act or be against equity or good conscience. 42 U.S.C. §§ 404(b) (1983), 1383(b)(1) (1976); *Howard v. Secretary of Health and Human Services*, 741 F.2d 4, 9 (2d Cir.1984); *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1046 (2d Cir.1984). The burden of proof that he was without fault rests on the claimant. *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir.1982); *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980).

An individual is not without fault for an overpayment resulting from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507 (1987).

■■■ The evidence indicated that Bray was informed both when she filed for benefits and through periodic check "stuffers" that she would lose her entitlement to benefits if she got married. This evidence supports the Secretary's finding that she accepted a payment which she knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507(c).

Bray claims that she is without fault because she informed the SSA of the change in her marital status. She testified at her hearing that she informed an SSA employee over the phone shortly after her marriage that she had gotten married. She states that later, she went to the Social Security office in person to fill out a card changing her name from Bray to Bray–Bailey. Bray's name change card did not put the Secretary on notice of her marriage. The regulations do not require that the claimant state the reason for her name change. 20 C.F.R. §§ 422.107, .110 (1987). Bray's card did not indicate that the reason for her name change was her recent marriage.

Bray's telephone call should have put the Secretary on notice of the change in her marital status. A claimant should not be required to repeatedly inform the Secretary of a change in status. Nevertheless, the Secretary's shared fault does not relieve a claimant of liability for overpayments for which she was initially at fault. 20 C.F.R. § 404.507 (1987). Bray was fully advised that marriage terminated her benefits yet she continued to cash checks to which she was not entitled. She is required to refund the overpayment received after the administrative oversight is discovered.

### III.

For the foregoing reasons, the order of the district court is

AFFIRMED.