Mildred M. AUSTIN, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 2–90–0064.

United States District Court, N.D. Texas, Amarillo Division.

April 10, 1992.

Robert E. Barfield, Amarillo, TX, for plaintiff.

Rebecca Gregory, Asst. U.S. Atty., Dallas, TX, for defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

MARY LOU ROBINSON, District Judge.

Came on to be heard the above-referenced and numbered cause in which plaintiff and defendant have both filed motions for summary judgment.

The Report and Recommendation of the United States Magistrate Judge was filed March 27, 1992. Plaintiff filed objections to the Report and Recommendations within the time limits allowed by this Court.

The Court has considered the Report and Recommendation of the United States Magistrate Judge, has made an independent examination of the objections of plaintiff to the Magistrate Judge's Report and Recommendation, has examined the administrative records and pleadings on file in this case, and finds that the administrative record in this case does contain substantial evidence to support the decision of the Secretary.

Based upon the foregoing, the Court is of the opinion that plaintiff's objections to the Magistrate Judge's Report and Recommendation should be and are OVERRULED, and that the Report and Recommendation be ADOPTED. Accordingly, plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment should be and is hereby GRANTED for the reasons set forth in this Order and by the Report and Recommendation of the Magistrate Judge.

IT IS SO ORDERED.

*REPORT AND RECOMMENDATION*

AVERITTE, United States Magistrate Judge.

Plaintiff, MILDRED M. AUSTIN, brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff seeks review of the denial by the defendant, Secretary, Department of Health and Human

Services (hereinafter referred to as "defendant Secretary"), of her request for a waiver of recovery of incorrect payments of widow's benefits.

On September 5, 1980, plaintiff filed an application for widow's insurance benefits, filing such application on the earnings record of Stanford Y. Austin. As a result of her application, plaintiff was determined entitled to monthly benefits effective September 1980 (Tr. 14, 38–43). On June 22, 1987, plaintiff filed her application for retirement insurance benefits based on her own earnings. Apparently, as a result of that application, the defendant Secretary discovered plaintiff had remarried prior to attaining age 60 and had continued in a marital relationship through the date of her filing the application for retirement insurance benefits (Tr. 14, 44–47). On July 21, 1987, the Social Security Administration notified plaintiff that their records reflected she had received widow's benefits to which she was not entitled. Repayment was requested (Tr. 48–49). Adjustments were made in the computation of the overpayment because of benefits due plaintiff, reducing the amount of overpayment to $25,124.80, and subsequently reducing the overpayment balance to $24,705.00 (Tr. 14). Plaintiff's request for a waiver of recovery of overpayment was denied initially. Denial was upheld upon reconsideration. After the request for waiver of recovery was denied on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and on July 20, 1989, an administrative hearing was held before an ALJ. Plaintiff appeared in person and was represented by counsel at the administrative hearing (Tr. 24–37). After hearing the testimony at the administrative hearing and reviewing the records and exhibits introduced into evidence, the ALJ determined that plaintiff was not entitled to widow's insurance benefits on the earnings record of Stanford Y. Austin, and that she (plaintiff) had been overpaid a total of $27,069.20 for the period September 1980 through June 1987. Allowing deductions for benefits due to plaintiff, the overpayment balance was reduced to $24,705.00 (Tr. 15).

After making the determination as to the fact of the overpayment and the amount, the ALJ found plaintiff was "not without fault" in causing the overpayment (Finding No. 6) and that recovery of the overpayment was not waived (Finding No. 7) (Tr. 17).

The ALJ found that plaintiff had signed an application showing she had no other marriages than her marriage to Stanford Y. Austin. Based upon the fact that plaintiff's signature was directly below a statement which affirmed that all information given on the application was true, the ALJ stated that although he was persuaded plaintiff was not attempting to receive benefits to which she was not entitled, plaintiff had acknowledged that she did not read over the application before she signed it to ascertain that the information contained therein was correct. The ALJ held that since the information recorded on the application was not correct, the plaintiff was negligent in not ensuring that the correct information was recorded. The ALJ found that plaintiff must be held responsible for supplying incorrect information (Tr. 16).

The ALJ further found, based upon plaintiff's intelligence, prior work as a real estate agent, and lack of any known physical or mental infirmities, that she was entirely capable of exercising that degree of care necessary to ensure that the information provided was correct and accurate. The ALJ found that plaintiff could have prevented the incorrect statement which had been made and which she would have known was incorrect had she acted responsibly. Based upon all of the foregoing, the ALJ held that plaintiff could not be found to be without fault in causing the overpayment in the case (Tr. 16).

Finally, regarding an inquiry by plaintiff at the Social Security Office when she attained 62 years of age, the ALJ noted that plaintiff continued to use her first married name and not her second married name. The ALJ found that plaintiff provided no indication or information to Social Security that she had remarried since her first husband's death. Based upon those facts, the ALJ found plaintiff had failed to provide information which was material to her entitlement to benefits (Tr. 16).

## I.

### Statement of Facts

At the administrative hearing, plaintiff appeared as a witness and testified she was born on June 6, 1920 and was married to Stanford Y. Austin on March 12, 1937 (Tr. 27). The marriage between plaintiff and Mr. Stanford Y. Austin lasted approximately thirty-one (31) years or until 1968 when Mr. Austin passed away. At the time of Mr. Austin's death, plaintiff was 48 years of age. In 1980, plaintiff, at age 60, moved to East Texas (Tr. 28). When she moved to East Texas in 1980, she was married. Plaintiff testified she had been married to Mr. Sam Chancler on August 3, 1977, and although she was still married when she moved to East Texas, she had separated from Mr. Chancler and intended to get a divorce (Tr. 28).

Plaintiff applied for widow's benefits at the Social Security Office at Tyler, Texas on September 5, 1980 (Tr. 38–43). She was interviewed by a young blond woman but could not recall her name. Plaintiff testified she told the Social Security clerk that she was in the process of getting a divorce but had not yet filed for the divorce. That statement, according to plaintiff, generated no response and little reaction from the Social Security clerk. Information was obtained from plaintiff by the clerk and a form was filled out by the clerk (Tr. 30). Plaintiff identified what was labeled as Exhibit 1, pages 1–6, the application for benefits, as the document she signed, Mildred M. Austin. Plaintiff stated that the signature, Mildred M. Austin, was her signature, but that the rest of the handwriting on the application was not hers (Tr. 31). When asked whether or not she examined and studied the information on the form, plaintiff replied, "I don't think. It's been so long, I don't remember. I don't think so." (Tr. 31–32). Plaintiff testified that after making her application she did not obtain a divorce from Mr. Chancler and that they reconciled approximately five months after she had moved to East Texas (Tr. 32). Plaintiff testified she went to the Social Security office when she turned 62 to determine if she could switch from widow's benefits to her own earnings. The gentle-man from Social Security with whom she spoke advised plaintiff that the difference between widow's benefits or her own benefits was minimal (Tr. 33–34). Plaintiff did not provide any information concerning her marital status to the Social Security Administration at that time.

The application for widow's benefits (Tr. 38–43) contains a critical question, question number 15, requesting an applicant to enter information about each marriage, beginning with the deceased's name. The applicant is to enter complete information on all marriages, whether before or after the marriage to the deceased. Under question number 15 (Tr. 39–40), the marriage to Stanford Austin is listed and no other marriages are listed. In fact, the words "no other" are listed in the space provided for other marriages. The application for benefits concludes with a statement that remarriage prior to age 60 may terminate benefits. The statement continues that while certain exceptions are explained in an informational booklet the claimant is to receive, any remarriage must be reported. The application continues with language that the applicant agrees to promptly notify the Social Security Administration if the applicant remarries, etc. (Tr. 43). The application contains a caveat that anyone making or causing to be made a false statement or representation of a material fact in an application for use in determining a right to payment commits a crime punishable under federal law. The caveat concludes with the statement "I affirm that all information I have given in this document is true." The document was signed by plaintiff Mildred M. Austin (Tr. 43).

## II.

### Position of the Parties

In support of her motion for summary judgment, plaintiff contends as follows:

1. That under the facts and circumstances of this case, plaintiff was totally without fault in the overpayment of widow's benefits to her, and under such circumstances, a waiver of the collection of the overpayment must be granted.

2. Plaintiff contends no statement was ever made by her which caused an incorrect payment to be made, and that plaintiff neither knew nor should have known any incorrect statements were made.

3. That the ALJ's determination that plaintiff was negligent in not ensuring the correct information was recorded is erroneous, does not constitute a basis from which to find plaintiff at fault, and is an error of law.

4. That plaintiff has made the necessary showing to entitle her to a waiver of recovery in that she has shown herself to be without fault *and* the recovery ordered would defeat the purpose of the subchapter, or would be against equity and good conscience.

In support of his motion for summary judgment, the defendant Secretary contends the issue before the Court is whether there is substantial evidence to support the defendant Secretary's finding that plaintiff failed to prove she was not at fault for the overpayment of widow's benefits and that judicial review of this final decision of the Secretary is limited to determining whether the decision is supported by substantial evidence, and whether there were any errors of law.

### III.

### *Merits of the Case*

Pursuant to 20 CFR § 404.335(e), a claimant is not entitled to widow's benefits if she remarries prior to age 60 and the marriage continues. In this case, plaintiff remarried in 1977, prior to age 60, and the marriage continued. Although there was a period of separation, no divorce was ever granted, and in fact, no divorce action was ever filed. The defendant Secretary asserts that the overpayment in question occurred, and that it constituted an overpayment to which plaintiff was not entitled. Plaintiff has not rebutted this assertion. Plaintiff bases her claim for relief on the contention that recovery of the overpayment should have been waived. It has been established that there was in fact an overpayment. The amount of the overpayment in question was approximately $24,705.00, after deductions.

The issues for resolution by the Court then, are as follows:

1. Whether there is substantial evidence to support the determination by the ALJ that plaintiff was "not without fault" in causing the overpayment in question to be made;

2. Whether the ALJ committed an error of law in determining plaintiff was "not without fault" in causing the overpayment to be made;

3. Whether an individual can be found to be "at fault" or "not without fault" based upon negligence or based upon some criteria other than those specified under 20 CFR § 404.507; and,

4. Whether there is substantial evidence to support the determination by the ALJ that plaintiff was responsible for supplying incorrect information and that the incorrect payment resulted from an incorrect statement which plaintiff knew, or should have known, was false (Tr. 16).

It is the opinion of the Magistrate Judge that there is substantial evidence to support the decision of the defendant Secretary that plaintiff MILDRED M. AUSTIN was "not without fault" in causing the overpayment to be made. Therefore, the motion for summary judgment filed by the defendant Secretary should be granted. It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the defendant Secretary's Motion for Summary Judgment be GRANTED and that plaintiff's Motion for Summary Judgment be DENIED.

The recommendation is not made without recognizing that the case presents some perplexing issues. Plaintiff, as a result of the recovery, is required to forego Social Security income which may be desperately needed. The case is further made troublesome because an attack is made against unidentified Social Security clerk, alleging such clerk, with knowledge beforehand and by virtue of such clerk's position, and knowledge of the significance of the information, gratuitously, or for whatever reason, included false information in plaintiff's application for widow's benefits. In many of the benefit programs administered by the United States government, and in an effort to make benefits avail-

able to all of her citizens, clerical assistance is routinely provided in the preparation and filing of various forms. Such appears to be the situation in the case at bar. However, after utilizing this clerical assistance in filling out the forms in question, plaintiff, although her memory is somewhat cloudy, indicates she merely signed the form and did not attempt to verify it for accuracy or misinformation, whether such misinformation would have worked to plaintiff's benefit or detriment. In this case, the misinformation obviously worked to plaintiff's immediate benefit, resulting in plaintiff obtaining widow's benefits to which she would not have been entitled had her marriage, in existence in 1980, been disclosed. It also worked, however, to plaintiff's later detriment.

The ALJ did not find plaintiff's intentions to be fraudulent, and specifically found that plaintiff was not attempting to receive benefits to which she was not entitled (Tr. 16). This determination in plaintiff's favor further clouds the issue. Had the ALJ found plaintiff's testimony not credible, or found plaintiff's statements that she did not read the documents she signed not to be credible, then this Court in all likelihood could not disturb such credibility finding, especially in light of the disclaimers and caveats throughout the application. The ALJ, however, did not make such a finding. Instead, he found that plaintiff's negligence in failing to read what she should have read, coupled with her past work as a real estate agent, her lack of physical or mental infirmities, and her perceived intelligence, all lead to the conclusion that she was a reasonably prudent person, and therefore had to be held responsible for supplying incorrect information. Obviously, had plaintiff read the form in question before signing, the appropriate corrections could have been made. Plaintiff advanced no reason for her failure to read the document before signing, and has advanced no reason for her failure to read the information when she made the affirmation that all information given was true.

The Magistrate Judge has classified the issues as troublesome because the attitude administratively as to whether the Social Security clerk in question included false information in an application seems to have been addressed in a rather cavalier fashion by the administrative agency. There is no indication whether the Social Security Administration obtained a statement from the clerk who filled out the application for plaintiff AUSTIN, and whether the particular clerk is still employed by the Social Security Administration. Even if the Social Security Administration did not wish to call such clerk as a witness at the administrative hearing, surely an affidavit or statement could have been taken during the investigative stage of plaintiff's request for waiver of recovery. The Court does not necessarily expect, and would be surprised if the clerk in question remembered, due to the volume of work involved and the period of time elapsed, the specifics of her interview and conversation with plaintiff AUSTIN. However, the information plaintiff indicates she provided to the clerk, such information being that she was in fact married at the time she was applying for widow's benefits, which information would have automatically rendered her ineligible to receive the benefits for which she was applying, should be subject to some recall by the clerk. If not specific, then as to the clerk's usual and normal procedure upon receipt of such critical information. Indeed, by his determination that plaintiff was not attempting to mislead or receive benefits to which she was not entitled, the ALJ appears to have adopted the theory that the Social Security clerk in question did in fact receive information which would have rendered plaintiff automatically ineligible, but proceeded with the application nonetheless.

All of the above notwithstanding, it remains the opinion and finding of the Magistrate Judge that the ALJ's determination that plaintiff was "not without fault" in finding that plaintiff caused the overpayments to be made is supported by substantial evidence. Even assuming the Social Security clerk in question to be responsible, plaintiff's statements that she did not read the information which she *affirmed* to be true, and plaintiff's act in signing the document which contained the incorrect information regarding her marital status, renders plaintiff at fault. Had plaintiff read the document in question, she would have known the statement was

334

incorrect. Even accepting plaintiff's testimony that she did not read the document and did not supply any incorrect information to the Social Security clerical worker, the plaintiff is still "not without fault" in that the plaintiff's failure to read the document in question constituted negligence on her part, justifying the ALJ's finding that plaintiff was partially at fault.

With respect to plaintiff's argument that the Code of Federal Regulations does not contain such an example, the Magistrate Judge's reading of § 404.507 does not indicate the methods of determining fault are to the exclusion of all other factual determination on the issue of whether an individual is "with" or "without fault."

Further, the application in question also advised that remarriage prior to age 60 may terminate one's benefits and that in the event the claimant remarries, then claimant agrees to promptly notify the Social Security Administration. Here, even if plaintiff thought she were entitled to benefits based upon her separation and intention to file for divorce, she would have been under an obligation to notify the Social Security Administration upon her reconciliation with her present husband.

In *Bray v. Bowen*, 854 F.2d 685 (5th Cir. 1988), the Court in a situation where a claimant requested waiver of recovery for an overpayment, held that where the Secretary shared fault with respect to the overpayment, such did not relieve a claimant for liability.

This Court is not substituting its judgment for that of the Secretary. The ALJ heard the evidence at the administrative hearing and based upon his perception of plaintiff AUSTIN and based upon her testimony before him, determined that plaintiff was not attempting to receive benefits to which she was not entitled. Although the Magistrate Judge has no problem in placing the duty and responsibility to read documents which an individual signs, and certainly the obli-

gation to read such documents when an affirmation as to their accuracy is made, a claimant should not be required to be versed in all of the specifics of the eligibility requirements which are known by the Secretary. Plaintiff, if led to believe that her status of being separated and awaiting filing for a divorce was sufficient to justify her receipt of benefits, is now suffering because of the misconduct by the clerical assistant, although plaintiff's neglect in failing to verify the accuracy of the information she endorsed was equally contributory.[1]

Obviously, in a situation where plaintiff provided the information concerning her separation and intention to divorce Mr. Chancler and had plaintiff corrected the omission of such information from her application by showing that plaintiff was in fact married, but intending to file for divorce, and, based upon such correct application, benefits were paid, then a different issue would be presented. Here, however, plaintiff admittedly failed to read or check the information she verified as being correct. Plaintiff's contentions that the question at issue is not negligence, but rather fault is without merit. In this case, had plaintiff intentionally provided false information, thereby falling under plaintiff's description of "fault," not only would such intentional supplying of false information constitute fault in the recovery context, such intentional act could even result in more severe responsibility. The fact that plaintiff's negligence is a basis for requiring her to respond monetarily is not unique to our system.

Inasmuch as plaintiff has failed to show herself to be "without fault" the issue of whether requiring the overpayment would defeat the purpose the Social Security Act or be against equity or good conscience, is moot and need not be addressed.

For all of the foregoing reasons, it is the opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that the decision of the defendant

1. In determining the clerical assistant acted improperly, this Court is not making any independent finding of such, but is merely adopting the finding made by the defendant Secretary based upon the determination that plaintiff verbally provided the information concerning her marriage to the defendant Secretary and the ALJ's further determination that plaintiff was not attempting to receive benefits to which she was not entitled.

Secretary finding plaintiff, MILDRED M. AUSTIN, to be "not without fault" be AFFIRMED, that the defendant Secretary's Motion for Summary Judgment be GRANTED, and plaintiff's Motion for Summary Judgment be DENIED.

The Clerk of the Court is directed to file this Report and Recommendation and to send a copy of it to all counsel of record by certified mail, return receipt requested. Any party may object to the proposed findings and to the Report and Recommendation within ten (10) days after having been served a copy hereof, Rule 72, Federal Rules of Civil Procedure, and Rule 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas. Such parties shall file with the Clerk of the Court, serve on the Magistrate, and on all parties, written objections, which shall specifically identify the portions of the findings, recommendation, or report, to which objection is made, and set out fully the basis for each objection. The failure to timely file written objections to the proposed findings and recommendation contained in this report shall bar an aggrieved party from attacking the factual findings on appeal. See *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g. den.*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986), and *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.1982) (en banc).

IT IS SO RECOMMENDED.

ENTERED this 27th day of March 1992.