UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-30080

HOWARD MAKOFSKY

Plaintiff-Appellant,

v.

KENNETH S. APFEL
Commissioner, Social Security Administration

Defendant-Appellee,

**Appeal from the United States District Court for the
Eastern District of Louisiana**
(99-CV-1720-LLM)

January 23, 2001

Before GOODWIN[1], GARWOOD and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[2]

Appellant Howard Makofsky received an overpayment of Social Security benefits and seeks to waive reimbursement to the Social Security Administration (SSA). An administrative law judge (ALJ) held that Makofsky failed to show that he was "without fault" under 42 U.S.C. § 404(b), and refused to waive the overpayment.

---

[1]     Circuit Judge of the Ninth Circuit, sitting by designation.

[2]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Makofsky appeals.  Concluding that there is not sufficient evidence to sustain the ALJ's conclusion, we reverse and remand.

Makofsky began receiving retirement benefits from the SSA in 1989.  At that time, he signed a preprinted application that stated, "[m]y reporting responsibilities have been explained to me and I have also received a printed explanation of those responsibilities."  Makofsky testified that the SSA office was very busy on the day he applied for benefits, and that SSA personnel spoke to him only briefly.  He did not recall receiving any oral or written instructions to notify the SSA if he went to prison.  He understood from SSA Form 1099 tax documents that he could earn only limited income while receiving benefits and that he was obliged to notify SSA of changes in address.

Makofsky was in prison between February 1995 and April 1996 for writing bad checks, a felony.  Under 42 U.S.C. § 402(x), he was not entitled to receive social security benefits during this period.  Makofsky testified that he never knew this, and he therefore did not notify the SSA of his confinement.  He continued to receive benefits in a post office box, his sole mailing address since at least 1982.  Makofsky's former spouse had power of attorney over his affairs, and she received and cashed his benefits for him.  She paid his bills and rent during his confinement, and sent cash to him.

2

In May 1996, the SSA notified Makofsky that he had received an overpayment and asked him to repay $ 14,136. Makofsky asked the SSA to waive the overpayment. The SSA refused to do so, but it reduced the debt to $13,196.

The ALJ held a hearing at which only Makofsky testified. In his decision, the ALJ briefly described Makofsky's testimony and ruled:

> Although [Makofsky] asserts that he did not know that he had the duty to inform the Administration if he were incarcerated, he did know that he had to report a change of address, other sources of income, and other circumstances. . . .
>
> I conclude claimant knew or should have known that he had to inform the Administration when he became incarcerated due to conviction of a felony in February 1995. He was aware of other reporting procedures which are explained concurrently with the one requiring that he report any incarcerations due to felony convictions.

Record at 10 (citations omitted). The ALJ concluded that Makofsky was at fault, and refused to waive the overpayment.

This decision cited no SSA instructions that would have notified Makofsky to report incarceration. It made no explicit findings about Makofsky's credibility. It also did not explicitly consider Makofsky's physical, mental, educational, or linguistic limitations.

The district court affirmed, finding that substantial evidence supported the ALJ's decision. Makofsky appeals.

3

## STANDARD OF REVIEW

We may review only two issues: 1) whether substantial evidence supports the decision, and 2) whether the ALJ correctly applied the law. *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994). Substantial evidence is "more than a mere scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 589 (5th Cir.1991).

## DISCUSSION

Makofsky contends that substantial evidence does not support the determination that he was at fault. He argues that the SSA never told him to report incarceration, and that he never knew he had to. He also argues that the ALJ did not impugn his credibility, and thus the ALJ should have credited his testimony.

Section 404(b), "No recovery from persons without fault," states

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. § 404(b). Thus, Makofsky cannot benefit from this section unless he was without fault. Makofsky has the burden of proof on this issue. *See Bray v. Bowen*, 854 F.2d 685, 687 (5th Cir.1988) (holding that the evidence supported a finding of fault).

4

SSA regulation § 404.507, "Fault," states:

What constitutes fault on the part of the overpaid individual . . . depends upon whether the facts show that the incorrect payment to the individual . . . resulted from: . . .

(b) Failure to furnish information which he knew or should have known to be material.

20 C.F.R. § 404.507. Our inquiry therefore is whether there is substantial evidence that Makofsky knew or should have known that his imprisonment was material to his eligibility.

If the SSA told Makofsky to report imprisonment, he certainly would be at fault. In *Bray*, the SSA informed the claimant of her obligation to report marriage at the time she filed and through periodic check "stuffers." This court, refusing to waive an overpayment, concluded that she was at fault for not reporting her change in marital status. *See Bray*, 854 F.2d at 687.

Where the SSA does not expressly warn claimants, however, federal appeals courts have not assumed that claimants know what is material to their eligibility. In *Peeler v. Heckler*, a prisoner was already receiving SSA benefits when § 402(x) took effect in 1980. *See Peeler v. Heckler*, 781 F.2d 649 (8th Cir.1986). The SSA knew that the claimant was in prison, but it did not suspend his benefits until a year after the new law took effect. The Eighth Circuit stated that "[b]eneficiaries are not presumed to know of each new arcanum of social-security law. They are not presumed to

5

have acted with fault when, in the absence of changed personal circumstances, they accept a benefit payment in the amount which they have been accustomed to receiving each month." *Id.* at 653-54 (citations omitted). The court found that substantial evidence did not support the ALJ's determination of fault under § 404(b).

In another circuit decision, claimants argued that they did not know they had to report a savings account to the SSA. *See Romero v. Harris*, 675 F.2d 1100, 1101-02 (10th Cir.1982). Funds in the savings account were initially below the SSA's resource limit but later exceeded it. The claimants testified that the SSA never told them to report savings accounts. *See id.* at 1102. Although the ALJ found them at fault and refused to waive the overpayments under § 404(b), the Tenth Circuit reversed for lack of evidence in the record to support a finding of fault. *See id.* at 1104. While *Peeler* and *Romero* are not exactly like this case, they show that Makofsky is not at fault unless he had some reason to know that he was ineligible for benefits.

Here, termination of benefits under § 402(x) is not so obvious that Makofsky should have been aware of it on his own. Some might find it intuitive that prisoners cannot receive benefits, but the rule has not always been this straightforward. The rule did not even exist before 1980, and prisoners who committed misdemeanors could receive benefits until 1994. *See*

6

Historical and Statutory Notes, 42 U.S.C. § 402 (West 2000). We believe § 402(x) is beyond the scope of an ordinary applicant's knowledge.

Makofsky signed a form stating that he received instructions on his reporting duties. There is no evidence in the record, however, of the substance of these instructions or even of standard SSA instructions to applicants. Granted, Makofsky bears the burden of proof. Makofsky testified, however, that the SSA never told him to report imprisonment. Nothing in the record contradicts this.

The ALJ's decision was based in part on Makofsky's consciousness of income limits and his duty to report address changes. This is not substantial evidence that Makofsky knew or should have known to report his imprisonment. Awareness of fundamental reporting responsibilities does not automatically translate into awareness of fairly obscure statutory provisions. Makofsky did not change his address, so his failure to report his imprisonment does not create an inference that he was concealing anything.

Perhaps the ALJ simply disbelieved Makofsky, but if so the ALJ should have stated this. "Where, as here, credibility is a critical factor in determining whether the claimant was without fault, the ALJ must have stated explicitly whether he believed the

7

witness's testimony." *Valente v. Secretary of Health & Human Servs.*, 733 F.2d 1037, 1045 (2nd Cir.1984) (reversing a finding of fault in part on the ALJ's failure to make a finding on credibility)*; see also Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir.1990) (requiring more than merely an implicit finding that claimant was not credible in a § 404(b) fault case). The Eleventh Circuit has reversed a finding of fault because the ALJ did not clearly explain whether its ruling was based on the scope of claimant's evidence or his credibility. *See Viehman v. Schweiker*, 679 F.2d 223, 229 (11th Cir.1982). It also demanded that "the fact finder articulate any reasons for questioning [the claimant's] credibility." We agree with these circuits and hold that where a witness's testimony is central to a § 404(b) fault inquiry, the ALJ should include a credibility finding in his decision.

In sum, substantial evidence does not support the ALJ's findings. There is no record evidence that in 1989, the SSA regularly informed applicants that they must report incarceration. Moreover, since Makofsky's testimony excused his fault, there is no substantial evidence for a contrary finding without some proof, or explicit, explained finding, that Makofsky lacked credibility.

We recognize that an unpublished decision from the Eighth Circuit refused to find a claimant without fault on somewhat analogous facts. In *Kiefer v. Apfel*, 2000 U.S. App. LEXIS 23332

8

(8th Cir.2000), the claimant indicated on his application that he had received reporting instructions, and later received benefits while in prison. He sought to waive the overpayment, arguing that he was without fault because he relied on an allegedly ambiguous letter from the SSA. The court rejected his claim and found that substantial evidence supported the ALJ's decision.

*Kiefer* is factually distinguishable for a couple of reasons. First, the claimant was not arguing that he had never received instructions to report confinement. On the contrary, he wanted to contest the denial of benefits pending confinement. Second, the court found unpersuasive his reliance on an ambiguous and self-contradictory letter from SSA. This case, by contrast, is only about what the SSA told Makofsky (nothing explicit about the consequence of incarceration) and what he knew or should have known.

Notwithstanding our conclusion that Makofsky was without fault, he is not necessarily entitled to a waiver of repayment. Under § 404(b), he must still show that recovery would defeat the purpose of Title II benefits or would be against equity and good conscience. Remand is required to consider this question, which under the statute includes assessment of the claimant's physical, mental, educational or linguistic limitations. *Id*.

9

For the reasons stated above, we **REVERSE** because Makofsky was without fault and **REMAND** for further proceedings.