IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10088
Summary Calendar

_____

JAMES W. CRESS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-131-BE

_____

September 30, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

James W. Cress appeals the district court's judgment upholding the Commissioner of Social

Security's ("the Commissioner") decision to deny his request for a waiver of the recovery of disability

benefits that were overpaid him.  The Social Security Act ("the Act") requires the Commissioner to

make adjustment or recovery of Social Security disability benefits when the recipient receives more

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

than the correct amount of his benefit payment. 42 U.S.C. § 404(a)(1); 20 C.F.R. 404.501. The Commissioner may do this by either reducing future payments or obtaining a refund from the beneficiary. 42 U.S.C. § 404(a). However, no adjustment or recovery may be made against a beneficiary who is "without fault." 42 U.S.C. § 404(b). An individual is not "without fault" under this provision if he accepts payments which he knew or had reason to know were incorrect. 20 C.F.R. § 404.507. The Administrative Law Judge ("ALJ") determined that Cress and his dependents were not entitled to a waiver of overpayments because they were not "without fault" as they had accepted payments which they knew or should have known were incorrect.

This court's review of the ALJ's decision, which became the final decision of the Commissioner when Cress' request for appeal was denied, is limited under 42 U.S.C. § 405(g) to determining whether it is supported by substantial evidence and whether there were any errors of law made in the evaluation of the evidence. See Austin v. Shalala, 994 F.2d 1170, 1174 (5th Cir. 1993). "Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision." Id. Because the ALJ made no findings regarding Cress' argument that he has already repaid the overpayments, this court will not consider the issue. See id. Even if the court were to consider the argument, there is no evidence in the record to support it.

If his brief is liberally construed, Cress challenges the determination that the overpayments should not be waived because he was not without fault in the overpayment. Substantial evidence supports the ALJ's decision that Cress was not without fault in accepting overpayments and thus not entitled to a waiver. Cress was repeatedly advised that his disability benefits must be offset by any workers' compensation he received, and his benefits were in fact offset by his workers' compensation for a period of time. Although Cress notified the Social Security Administration ("SSA") that he

2

received a lump-sum workers' compensation settlement, he continued to accept overpayments after he received the settlement, which payments he should have known were incorrect. <u>See</u> <u>Bray v. Bowen</u>, 854 F.2d 685, 687 (5th Cir. 1988).

Because the ALJ's determination that Cress was not without fault in accepting the overpayments is supported by substantial evidence, the district court's judgment is AFFIRMED.