United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60889
Summary Calendar
_____

ROBERT SANDERS,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-831-WS
--------------------

Before DAVIS, EMILIO M. GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

        Robert Sanders appeals the judgment of the district court
that affirmed the decision of the Commissioner of Social Security
("Commissioner").  The Commissioner denied Sanders' request for a
waiver of recovery of retirement benefits overpayments made to
Sanders in the years 1992, 1995, and 1996.

        Sanders contends that he was not at fault and did not cause
the overpayments and that repayment constituted a hardship.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sanders asserts that the Social Security Administration has the financial records and should be able to pay benefits correctly. He asserts that the Administrative Law Judge was biased and that the district court did not afford him a fair trial.

Our review is limited to determining whether the Commissioner's decision was supported by substantial evidence and whether any errors of law were made. Bray v. Bowen, 854 F.2d 685, 686-87 (5th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rini v. Harris, 615 F.2d 625, 627 (5th Cir. 1980). We do not reweigh the evidence or substitute our judgment for the Commissioner's judgment. Rini, 615 F.2d at 627.

Substantial evidence in the record supports the Administrative Law Judge's findings that Sanders failed to furnish material information concerning his earned income for the years 1992, 1995, and 1996 and that he accepted benefits payments in those years that he knew or could have been expected to know were incorrect. See Bray, 854 F.2d at 687. Accordingly, Sanders was not without fault in causing the overpayments and was not entitled to waiver of recovery of the overpayments. See 42 U.S.C. § 404(b); Bray, 854 F.2d at 687.

Sanders asserts that the Administrative Law Judge was biased and that the district court denied him a fair trial. Sanders does not provide facts to support these assertions. Although we apply less stringent standards to parties proceeding pro se than

to parties represented by counsel and liberally construe the briefs of <u>pro</u> <u>se</u> litigants, <u>pro</u> <u>se</u> litigants must still brief the issues and reasonably comply with the requirements of FED. R. APP. P. 28. <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995); <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993). Sanders has not so complied.

Accordingly, the judgment of the district court is AFFIRMED.