**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1944
_____

FRANCINE M. MEHALSHICK,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-00139)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2014
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: April 24, 2015)
_____

OPINION*
_____

PER CURIAM

    Francine Mehalshick appeals from the District Court's order affirming an

Administrative Law Judge's ("ALJ") decision to deny her request for a waiver of a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

recovery of an overpayment of Social Security disability benefits. For the reasons that follow, we will affirm the District Court's judgment.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. In May 1998, Mehalshick began receiving disability benefits pursuant to Title II of the Social Security Act as a result of a thyroid condition. In February 1999, she returned to work at the United States Post Office ("the post office") for a nine-month trial period. See 20 C.F.R. § 404.1592(a), (e) (providing that disability claimants are entitled to a trial work period in which they can work for nine months within a sixty-month span without losing benefits). When the trial period ended, Mehalshick continued to work at the post office for several years while simultaneously receiving disability payments.

In November 2001, after conducting a continuing disability review, the Social Security Administration ("the Administration') concluded that Mehalshick's medical condition had improved such that she was no longer disabled. The Administration informed Mehalshick that she would not receive benefits beyond January 2002.

Separate from its determination that Mehalshick's disability had ceased because of her medical improved condition, the Administration later reviewed Mehalshick's case to determine if she had done substantial gainful work following the expiration of the trial work period at the post office. The Administration concluded that she had and that her disability had consequently ended in November 1999.[1] As a result, the Administration

---

[1] In addition to the nine-month trial work period, a claimant may continue to work for an additional thirty-six month period, which is referred to as the reentitlement period. See 20 C.F.R. § 404.1592a(a). Unlike the original nine-month trial period, however, during

sought to recover an overpayment of $45,030.70 from Mehalshick. Subsequently, Mehalshick requested a waiver of the overpayment pursuant to 42 U.S.C. § 404(b). After her waiver request was denied, Mehalshick sought a hearing before an ALJ. The ALJ accordingly conducted a waiver hearing on February 5, 2009, at which Mehalshick appeared pro se and testified. Mehalshick testified that she was aware that her trial work period was for only nine months, but that she continued to work at the post office because she was concerned that her job would be eliminated if she did not do so. She further testified that she did not take any steps to cease the disability payments after the trial period ended. Instead, she continued to receive the disability payments via direct deposit into her bank account.

In April 2009, the ALJ issued a decision finding that an overpayment occurred, and that because Mehalshick was not without fault in accepting the overpayment, waiver of recovery was not appropriate. After the Appeals Council denied Mehalshick's request for review, she initiated an action in the District Court pursuant to 42 U.S.C. § 405(g).

Upon consideration of the parties' briefs and the administrative record, a Magistrate Judge issued a report recommending that the ALJ's decision be affirmed. Overruling Mehalshick's objections, the District Court issued a decision adopting the Magistrate Judge's report and recommendation and affirming the ALJ's decision. The

the thirty-six month reentitlement period, benefits cease for any month in which the claimant's work constitutes "substantial gainful activity" and restart for any month in which an individual's work does not constitute substantial gainful activity. See 20 C.F.R. § 404.1592a(a)(1). Mehalshick does not dispute the Administration's assessment that her work at the post office at all times constituted "substantial gainful activity."

3

District Court ruled that substantial evidence supported the ALJ's decision that Mehalshick was not without fault in accepting the overpayment of her disability benefits. Mehalshick appeals.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Like the District Court, we uphold the ALJ's findings if they are supported by substantial evidence. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation and quotation marks omitted). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. (citation and quotation marks omitted).

The Social Security Act provides that "[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." See 42 U.S.C. § 404(b); see also 20 C.F.R. § 404.506.[2] A finding of "fault" can be based on any of the following: "(a) [a]n incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) [f]ailure to furnish information which he knew or should have known to be material; or (c) [w]ith respect to the overpaid individual only, acceptance of a payment which he either knew or could

---

[2] If a claimant is at fault for the overpayment, the inquiry ends. See Garnett v. Sullivan, 905 F.2d 778, 782 (4th Cir. 1990).

4

have been expected to know was incorrect." See 20 C.F.R. § 404.507. Even though the Administration may have been at fault in making an overpayment "that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault." Id. An individual seeking waiver of overpayment bears the burden of proof that he or she was without fault. See, e.g., Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir. 1990); Bray v. Bowen, 854 F.2d 685, 687 (5th Cir. 1988).

Substantial evidence supports the ALJ's conclusion that Mehalshick was not without fault because she knew, or should have known, that it was improper to have accepted benefits during the period when she performed substantial gainful work after the nine-month trial period expired. As we noted, Mehalshick testified before the ALJ that she had received information from the Administration regarding the trial work period before it commenced and that she was aware that it did not extend beyond nine months. (See Administrative Record, Dist. Ct. Dkt. at #8, p. 231). She admitted that she nevertheless continued to work beyond that time while also receiving disability payments. (Id. at 232.) She further testified that although she received several termination notices at the end of the trial work period, she "didn't do anything" about them. (Id. at 233.) Rather, she continued to accept disability payments because she assumed the Administration "knew what [it was] doing." (Id.)

As the District Court correctly noted, Mehalshick acknowledged that she understood the limits of the trial work period, but that she continued to accept disability

5

benefits even after the period expired.  And, although Mehalshick admitted that she received notices following the trial work period that her benefits would cease as a result of her continued work, she did not take any affirmative steps to contact the Administration after payments continued to be deposited into her bank account.  Even though Mehalshick continued to work out of concern that she might lose her job, such concern did not absolve her of the responsibility to decline the overpayment of disability benefits.  Therefore, we agree that Mehalshick failed to meet her burden of showing that she was without fault in accepting the overpayment of benefits and that, as result, she was not entitled to a waiver pursuant to 42 U.S.C. § 404(b).[3]

      For these reasons, the judgment of the District Court is affirmed.

---

[3] Given that the ALJ found that Mehalshick was not without fault for the overpayment of benefits, the ALJ did not err in declining to also consider whether recovery of the overpayment would defeat the purpose of the Act, or whether doing so would be against equity and good conscience.  See Garnett, 905 F.2d at 782.

6