816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grace R. FLEMM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3139.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Grace Flemm's husband died in January, 1974. Two days after he was buried, she applied for Wife's Insurance Benefits under Sec. 202 of the Social Security Act, which benefits were converted to Mother's Insurance Benefits. The benefit application included an agreement to file an annual income report after the end of any year in which the applicant earned over $2,100 and received some benefits. In 1982 the Secretary notified Flemm that she had been overpaid by $13,584 in benefits, due to her failure to report her income, which ranged from $11,454 in 1974 to $19,282 in 1981. The fact and amount of overpayment is not contested.
 
 
 2
 In July 1983, Flemm was notified that recovery of overpayment would not be waived. At her request, a hearing was held before an administrative law judge (ALJ). The ALJ held against Flemm, finding that continuing knowledge of her obligation to report her earings was imputed to her because her initial application for benefits contained a statement to that effect, and also because the Secretary routinely mails out notices to benefit recipients about this obligation. The ALJ's decision became the final decision of the Secretary when the Appeals Council approved that decision in July 1985. In August 1985, Flemm initiated judicial review in the Northern District of Ohio. The case was referred to a magistrate, whose recommendation to affirm the Secretary's decision was adopted by the court.
 
 
 3
 * 42 U.S.C. Sec. 404(b) and 20 C.F.R. Sec. 404.506 provide that in the case of an overpayment, the government will not attempt to recover the overpayment "from any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience." Fault is relevantly defined in 20 C.F.R. Sec. 404.507(b) and (c) as failure to furnish information which the recipient knew or should have known to be material, or acceptance of a payment which the recipient knew or should have known to be incorrect.
 
 
 4
 The Secretary contends that Flemm's fault is established by her signature on the notice and agreement in the benefits application, which required her to file an annual income report after the end of any year in which she earned over $2,100 and received some benefits, and by Flemm's supposed receipt of a pamphlet routinely sent to new recipients which explains the reporting requirements.
 
 
 5
 Flemm is at fault if she failed to furnish information which she knew or should have known to be material, or accepted a payment which she knew or should have known to be incorrect. 20 C.F.R. Sec. 404.507(b) and (c). It is undisputed that Flemm signed an agreement to report her earnings in any year in which she received benefits. Although the meaning and intent of the form are quite clear,[1] 20 C.F.R. Sec. 404.507 requires the Administrator to "consider all pertinent circumstances, including...mental condition." Flemm testified that she was not aware of the reporting requirement at the time she signed the mother's benefits form, due to her shock at the recent death of her husband. She further asserted that she did not receive notice of her obligation to report her income in mailings accompanying her checks, as she received her benefits via direct deposit, nor any other notification before 1981. These assertions, and Flemm's credibility, are unchallenged by the Secretary. Similar assertions by Flemm's daughters, son, and son-in-law are also unchallenged.
 
 
 6
 The record also reflects that Flemm was conscientious in informing the Secretary of changes in status such as those due to her children leaving for college or reaching age 18, and in refunding overpayments due to her receipt of separate deposits in her name as well as her children's names. This further enhances the credibility of her testimony.
 
 
 7
 It is a rare case in which one who has undeservedly benefited from signing an agreement will, due to her lack of understanding of the signed agreement, be allowed to disclaim it. The opportunity for mendacity is too great. However, this is that rare case. Because Flemm was a credible witness, the only affirmative contradictory evidence as to her knowledge of her obligation is the agreement she signed. The Secretary concedes that there is no evidence that Flemm received any other notice of her obligation to report income and there are additional indicia of her integrity. Thus, there is not substantial evidence to support the ALJ's finding that, in this unusual set of circumstances, Flemm knew or should have known of her legal obligation to report her income. Courts have held that a recipient's reasonable failure to recognize her obligation to report changes in her status bars fault. See, e.g., Jefferson v. Bowen, 794 F.2d 631, 633-34 (11th Cir. 1986); Rini v. Harris, 615 F.2d 625, 627 (5th Cir. 1980). In the absence of substantial evidence that Flemm knew or should have known of her obligation to report her income, we hold that she is without fault.
 
 II
 
 8
 Although Flemm is without fault, recovery will be waived only if it would either be against equity and good conscience or defeat the purpose of Title II of the Social Security Act, 42 U.S.C. Sec. 301 et seq. A violation of equity and good conscience is established if the recipient relinquished a valuable right, or changed his or her position for the worse, in accepting the benefits. 20 C.F.R. Sec. 404.509. Flemm does not argue that she relinquished a valuable right or changed her position for the worse, nor does the record show a relinquishment or a position change.
 
 
 9
 The record is too sparse to enable this court to determine whether or not repayment would deprive Flemm of the income required for current ordinary and necessary living expenses, thus defeating the purpose of Title II. We therefore vacate the verdict of the district court, and direct that court to remand this case to the ALJ to determine whether Flemm meets the requirements of 20 C.F.R. Sec. 404.508.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 "An annual report of earnings must be filed with the Social Security Administration within 3 months and 15 days after the end of any year in which you earned more than $2,100 and received some benefit payment for a month in that year. FAILURE TO REPORT MAY RESULT IN THE LOSS OF ONE OR MORE MONTHLY BENEFITS. Do you agree to file the annual report of earnings when required?"