# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 13-30044
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE SMITH,

Plaintiff-Appellant

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2367

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Willie Smith appeals from the district court's judgment affirming the decision of defendant-appellee, the Social Security Administration (SSA), to stop Smith's disability payments and assess him an overpayment of benefits. Because we conclude that the agency's decision is based upon substantial evidence and is in accordance with law, we affirm.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 13-30044

In September 1988, Smith applied for disability benefits under Title II and Title XVI of the Social Security Act. The SSA granted Smith's application in September 1989 and began paying benefits. In April 1999, Smith began working as a pastor at Providence Baptist Church (the Church) in La Place, Louisiana. The SSA found Smith's work as a pastor to be substantial gainful activity, which is "work activity that involves doing significant physical or mental activities" for pay or profit. 20 C.F.R. § 404.1572(a), (b). Smith was entitled to a trial work period from April through December 1999.[1] An extended period of eligibility began in January 2000.[2] Smith's extended period of eligibility later ended, and the SSA ultimately terminated his benefits as of January 2003.

In October 2003, the SSA notified Smith that he had been overpaid $7,860 because of erroneous payments from April through September 2003. Smith reimbursed the $7,860 to the SSA in a single payment. After further investigation, however, the SSA informed Smith in January 2004 that it had actually overpaid him $47,956. This new calculation was based on the agency's

---

[1] A "trial work period" is a period of time during which an individual who has been found disabled may test his or her ability to work and still be considered disabled. 20 C.F.R. § 404.1592(a). The period consists of performance of "services" during nine months, which do not need to be consecutive months, but which must occur within a period of sixty consecutive months. *Id.* § 404.1592(a), (e).

[2] An "extended period of eligibility," also called the "re-entitlement period," is an additional period after the trial work period during which an individual with a disabling impairment can continue to test his or her ability to work. 20 C.F.R. § 404.1592a(a). The extended period of eligibility lasts for 36 continuous months after the end of the trial work period. *Id.* § 404.1592a(b)(ii). However, if the individual performs substantial gainful activity during the extended period of eligibility, the SSA may find that the individual's disability has ceased and suspend payment of benefits. *Id.* § 404.1592a(a). If the individual stops performing substantial gainful activity during the extended period of eligibility, the SSA will resume payment of benefits. *Id.* If an individual's disability ceases during the extended period of eligibility due to substantial gainful activity, his or her entitlement to benefits terminates the first month after the end of the extended period of eligibility in which he or she again performed substantial gainful activity. *Id.* § 404.1592a(a)(3)(I).

No. 13-30044

determination that Smith did not qualify for the extended period of eligibility because he was already performing substantial gainful activity, such that his disability should have been considered ceased in January 2000. Smith was, however, still entitled for payments for that month and the next two months, ending March 2000. Therefore, the agency alleged that he was overpaid from April 2000 to March 2003.

In October 2007, after a fraud investigation and a request for reconsideration, the SSA notified Smith that he was not entitled to payments beginning April 2000 and that his disability had ended in January that same year because he was engaging in substantial gainful activity. Smith did not agree with the agency determination and requested a hearing before an Administrative Law Judge (ALJ). The first hearing was held in March 2009 before ALJ Guy Huard, who later became unavailable, and therefore, the case was reassigned to ALJ Michael S. Hertzig. ALJ Hertzig held a hearing in January 2010 and issued a decision the next month finding that Smith had indeed received an overpayment from April 2000 to March 2003. The ALJ also denied waiver of the overpayment and found Smith to be at fault for the overpayment. The SSA Appeals Council denied review, and therefore the ALJ decision became the SSA's final decision. *See* 42 U.S.C. § 405(g).

Smith timely sought judicial review of the agency's decision in district court pursuant to 42 U.S.C. § 405(g). The district court referred the matter to a magistrate judge, who issued a Report and Recommendation recommending affirmance of the agency decision. The district court adopted the Report and Recommendation and upheld the ALJ's finding.

We review the agency's decision only to determine: (1) whether it is supported by substantial evidence on the record as a whole, and (2) whether the agency applied the proper legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); *see*

No. 13-30044

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion; it is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1999) (internal quotation omitted). "If the [agency's] findings are supported by substantial evidence, then the findings are conclusive and the [agency's] decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). We will not "re-weigh the evidence or substitute our judgment" for that of the ALJ. *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir. 1980).

Smith challenges the ALJ's determination that his work as a pastor constituted substantial gainful activity. The SSA determines whether an individual's work constitutes substantial gainful activity based on whether his or her monthly countable income averages more than a certain dollar amount. 20 C.F.R. § 404.1575(e)(3) (citing earning guidelines set forth at 20 C.F.R. § 404.1574(b)(2)). "Countable income" of the self-employed is considered substantial gainful activity if the amount averages more than $700 per month for July 1999 through December 2000, $740 per month for 2001, $780 per month for 2002, and $800 per month for 2003.[3] Earnings may show that one has performed substantial gainful activity; therefore, in Smith's case, had his average monthly earnings equaled or exceeded the above threshold amounts, this would be strong evidence that he engaged in substantial gainful activity. We conclude that substantial evidence supports the ALJ's findings that Smith

---

[3] *See Program Operation Manual System* (POMS) DI 10501.015 Table B, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015; *see also* 20 C.F.R. §§ 404.1572, 404.1574 (definition and discussion of substantial gainful activity).

4

earned more than these threshold amounts as a pastor for the Church.

Although Smith asserted that he was genuinely mistaken as to whether the money he received from the Church for his work was considered income, he nevertheless also explained that the checks from the Church were written out to cash so that his disability payments would not be affected. This statement was confirmed by the Church's treasurer who explained that the checks were written out to cash so as not to affect Smith's disability payments. The record shows that Smith first began receiving payments from the Church in May 1995, and that in July 1999, he started receiving $1,000 checks written out to cash. He received these checks until September 2001, when he was given a $500 raise, which he elected to give to his wife for her work in the youth ministry. Hence, beginning September 2001, the household was being paid a total of $1,500 from the Church. Further, the Church's financial records show that Smith was paid a total of $7,500 in the first two quarters of 2002. The ALJ noted that this evidence was consistent with the other evidence showing that Smith was paid at least $1000 per month during the period in question.

The ALJ did not credit Smith's assertion that he was not aware that these payments from the Church constituted income. To the contrary, the ALJ found  based on Smith's own testimony that Smith knew that the payments might affect his disability benefits. The ALJ found that Smith avoided reporting his work activity to the SSA. Indeed, Smith reported zero earnings on his Social Security records, even after he started work as a pastor in 1999. The ALJ likewise was entitled to discredit Smith's argument that his expenses, if properly accounted for, would have reduced his income below the level of substantial gainful activity. Smith presented no receipts or invoices to substantiate his argument.

Smith argues that he was not performing substantial gainful activity as

5

a pastor because he worked only approximately twenty hours per week. Substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities" for pay or profit. 20 C.F.R. § 404.1572(a), (b). "Work may be substantial even if it is part-time or the individual does less or earns less than when working previously." *Britton v. Sullivan*, 908 F.2d 328, 333 (8th Cir. 1990) (citing 20 C.F.R. § 404.1572(a)). The regulations provide that self-employment will be evaluated "based on the value of [the claimant's] services to the business regardless of whether [the claimant] receive[s] an immediate income for those services." *See* 20 C.F.R. § 404.1575(a)(2). The regulations specifically provide that an individual's income will not be considered "alone because the amount of income [the individual] actually receive[s] may depend on a number of different factors." *Id.*

The ALJ found that the evidence was conflicting as to the number of hours Smith worked. Smith's testimony that he worked only twenty hours per week was contradicted by statements he made on an SSA work activity report, in which he indicated that he worked forty hours per week. The ALJ found that Smith's estimation of his hours was low because he failed to include preparation time for activities such as Church services and Bible study. The ALJ also found that even if Smith's duties amounted to less than forty hours per week, his employment would still be considered substantial gainful activity given the extensive nature of his responsibilities as pastor of the Church,

Finally, Smith argues that ALJ Hertzig ignored affidavits from witnesses that were submitted to the first ALJ assigned to the case, ALJ Huard. However, the record shows that ALJ Hertzig did review the information from ALJ Huard and even gave Smith an opportunity to submit additional evidence. Thus, we cannot conclude the ALJ ignored evidence or did not apply the proper

No. 13-30044

legal standards. Further, it is not for this Court to try the issues *de novo*, re-weigh the evidence, or substitute our own judgment for that of the ALJ. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Accordingly, Smith has failed to demonstrate that substantial evidence does not support the ALJ's conclusion or that the ALJ wrongly applied the law.

The judgment of the district court is AFFIRMED.